KELLY, J.
This case presents the question of what authentication is necessary for out-of-state affidavits in Michigan. The parties ask us to determine whether MCL 600.2102(4) of the Revised Judicature Act (RJA) *124 conflicts with the Uniform Recognition of Acknowl-edgements Act (URAA), MCL 565.261 et seq., and to discern the meaning of MCL 565.268 and its relation to MCL 600.2102(4). We find no conflict between the URAA and MCL 600.2102(4). The Legislature intended the URAA to serve as an alternative to MCL 600.2102(4) for authenticating out-of-state affidavits.
The Court of Appeals erred in concluding that MCL 600.2102(4) controlled because it is more specific. Therefore, it erroneously found that the signature of a notary public on an affidavit taken out of state must “be certified by the clerk of any court of record in the county where such affidavit shall be taken, under the seal of said court.” MCL 600.2102(4). The Court of Appeals failed to give adequate weight and consideration to the language of MCL 565.268 that makes the URAA an additional method of attestation. Apsey v Mem Hosp (On Reconsideration), 266 Mich App 666; 702 NW2d 870 (2005). We reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion.
I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Sue Apsey went to Memorial Healthcare Center for an exploratory laparotomy, which resulted in the removal of a large ovarian cyst. Medical complications followed this procedure. Plaintiffs allege that various acts of medical malpractice caused her to become septic, necessitating several follow-up surgeries.
Plaintiffs’ affidavit of merit was prepared in Pennsylvania, and the notary public who signed it came from that state. A normal notarial seal appears on the document, but no other certification accompanied the seal. Plaintiffs later provided further certification, but *125 not until after the statutory period of limitations had run on their medical malpractice cause of action.
Defendants moved for summary disposition of plaintiffs’ claims.[1] The trial court granted the motion. It found that plaintiffs’ failure to provide further certification as required by MCL 600.2102(4) rendered the out-of-state notarization insufficient. As a result, it ruled that the affidavit was a nullity. Without the affidavit, plaintiffs’ complaint was not complete, and their cause of action failed for never having been properly commenced.
Plaintiffs moved for reconsideration, arguing that the affidavit was sufficient under MCL 565.262, but the trial court denied reconsideration. Although it did not give its reasoning, the court stated that compliance with MCL 565.262 would not have changed its decision.
On appeal, the Court of Appeals issued an opinion in April 2005. It stated that, if it were basing its decision solely on the URAA, the affidavit in this case would be valid. But it found that MCL 600.2102(4) changed this. It found significance in the fact that MCL 600.2192 appears in the RJA, which deals with material presented to the courts. It reasoned that, on the other hand, the URAA appears among the statutes governing the conveyance of real property. It concluded that the URAA’s emphasis is not on documents submitted to the courts.
The Court of Appeals also focused on the final sentence in MCL 565.268: “Nothing in this act diminishes or invalidates the recognition accorded to notarial acts by other laws of this state.” It reasoned that this *126 sentence indicated that the URAA did not diminish the more formal and specific requirements of MCL 600.2102(4). And it found that these more formal requirements controlled when the affidavit is to be officially received and considered by the judiciary. Given this, the Court of Appeals affirmed the trial court’s dismissal of the case in a published opinion per curiam of the Court of Appeals, issued April 19, 2005 (Docket No. 251110).
On June 2, 2005,[2] the Court of Appeals granted reconsideration and vacated its opinion. On June 9, 2005, it issued its published opinion on reconsideration. In a split decision, a majority of the Court of Appeals reaffirmed its past decision, issuing essentially the same opinion. But it decided to give the decision only prospective application. It found that it would be fundamentally unfair to dismiss plaintiffs’ case because of plaintiffs’ reliance on the URAA. It determined that the interests of justice would best be served by allowing plaintiffs’ claim to proceed. Apsey, 266 Mich App at 681-682.
Judge Mark CAVANAGH dissented. He argued that the URAA provided an alternative method of proving that the notary actually notarized the document. He concluded that the URAA was a response to advances in technology and that the Legislature intended both it and MCL 600.2102 to provide legal methods of authenticating out-of-state affidavits. Id. at 685-686 (CAVANAGH, J., dissenting).
Defendants sought leave to appeal in this Court, and plaintiffs sought leave to cross-appeal. This Court directed the clerk to schedule oral argument on whether *127 to grant the applications or take other peremptory action pursuant to MCR 7.302(G)(1). 474 Mich 1135 (2006).
II. STANDARD of review
Issues of statutory interpretation are questions of law that this Court reviews de novo. Dressel v Ameribank, 468 Mich 557, 561; 664 NW2d 151 (2003). The fundamental rule and primary goal of statutory construction is to effectuate the Legislature’s intent. Casco Twp v Secretary of State, 472 Mich 566, 571; 701 NW2d 102 (2005). To accomplish this task, we start by reviewing the text of the statute, and, if it is unambiguous, we will enforce the statute as written because the Legislature is presumed to have intended the meaning expressed. Id. Whenever possible, every word of a statute should be given meaning. And no word should be treated as surplusage or made nugatory. People v Warren, 462 Mich 415, 429 n 24; 615 NW2d 691 (2000).
m. THE URAA PROVIDES AN ALTERNATIVE METHOD OF ATTESTATION AND AUTHENTICATION
The URAA and MCL 600.2102(4) require different certifications for out-of-state affidavits. MCL 600.2102 provides, in part:
In cases where by law the affidavit of any person residing in another state of the United States, or in any foreign country, is required, or may he received in judicial proceedings in this state, to entitle the same to be read, it must be authenticated as follows:
(4) If such affidavit be taken in any other of the United States or in any territory thereof, it may be taken before a commissioner duly appointed and commissioned by the *128 governor of this state to take affidavits therein, or before any notary public or justice of the peace authorized by the laws of such state to administer oaths therein. The signature of such notary public or justice of the peace, and the fact that at the time of the taking of such affidavit the person before whom the same was taken was such notary public or justice of the peace, shall be certified by the clerk of any court of record in the county where such affidavit shall be taken, under the seal of said court. [Emphasis added.]
MCL 565.262(a) defines “notarial acts” under the URAA. It provides, in part:
“Notarial acts” means acts that the laws of this state authorize notaries public of this state to perform, including the administering of oaths and affirmations, taking proof of execution and acknowledgments of instruments, and attesting documents. Notarial acts may be performed outside this state for use in this state with the same effect as if performed by a notary public of this state by the following persons authorized pursuant to the laws and regulations of other governments in addition to any other person authorized by the laws of this state:
(i) A notary public authorized to perform notarial acts in the place in which the act is performed. [Emphasis added.]
It is undisputed that an affidavit is a “notarial act” that is controlled by the URAA.[3]
On first review, these statutes appear to be in conflict. The Court of Appeals majority was troubled by this and struggled to make the two fit together. But, in attempting to harmonize them, the Court of Appeals majority severely limited the reach and application of *129 the URAA in ways unsupported by the text of the URAA and unintended by the Legislature. While it was appropriate for the Court of Appeals to read the statutes in pari materia [4] the Court’s method of doing so was incorrect. The Legislature has provided guidance on how to read the statutes in the URAA. The Court of Appeals should have used it before attempting other means of harmonizing the statutes.
In MCL 565.268, the Legislature indicated how the URAA was meant to interact with MCL 600.2102. MCL 565.268 provides:
A notarial act performed prior to the effective date of this act is not affected by this act. This act provides an additional method of proving notarial acts. Nothing in this act diminishes or invalidates the recognition accorded to notarial acts by other laws of this state. [Emphasis added.]
Although the Court of Appeals majority took note of MCL 565.268, it focused on the last sentence to the exclusion of the others. It reasoned that, because the URAA does not diminish MCL 600.2102(4), this must mean that the Legislature intended MCL 600.2102(4) to *130 trump the requirements of the URAA. But this reasoning is not supported by the complete text of MCL 565.268.
The final sentence must be read in light of what precedes it. The second sentence of MCL 565.268 indicates that the URAA is an additional or alternative method of proving notarial acts. As an “additional” method, the URAA does not replace the prior method. Instead, it is intended to stand as a coequal with it. Because the two methods are alternative and coequal, the URAA does not diminish or invalidate “the recognition accorded to notarial acts by other laws of this state.” MCL 565.268. Simply, MCL 600.2102(4) is not invalidated by the URAA. It remains an additional method of attestation of out-of-state affidavits. Because the two methods exist as alternatives, a party may use either to validate an affidavit.
Under the doctrine of noscitur a sociis,[5] a phrase must be read in context. A phrase must be construed in light of the phrases around it, not in a vacuum. Its context gives it meaning. Koontz v Ameritech Services, Inc, 466 Mich 304, 318; 645 NW2d 34 (2002). Similarly, it is a well-settled rule of law that, when construing a statute, a court must read it as a whole. G C Timmis & Co v Guardian Alarm Co, 468 Mich 416, 421; 662 NW2d 710 (2003); Arrowhead Dev Co v Livingston Co Rd Comm, 413 Mich 505, 516; 322 NW2d 702 (1982); Layton v Seward Corp, 320 Mich 418, 427; 31 NW2d 678 (1948). Without proper adherence to this rule, the Court of Appeals could not effectuate the intent behind the URAA.
The Court of Appeals rejected the interpretation we use in the belief that reading the URAA as an alterna *131 tive method of authenticating out-of-state affidavits would render MCL 600.2102(4) nugatory. Of course, a reviewing court should not interpret a statute in such a manner as to render it nugatory. Warren, 462 Mich at 429 n 24. A statute is rendered nugatory when an interpretation fails to give it meaning or effect.[6] But our interpretation of MCL 565.268 does no such damage to MCL 600.2102(4).
Because the URAA does not repeal MCL 600.2102, the latter provision remains in effect as a viable means of authenticating out-of-state affidavits. If a party chooses to use it, the affidavit can be admitted as evidence just as if the party had decided to follow the URAA. MCL 600.2102(4) has the same meaning and effect after the enactment of the URAA as it did before. At both times, it was a viable means of authenticating an out-of-state affidavit.
We question how the Legislature could have signaled more clearly its intent that the URAA should function as an alternative to MCL 600.2102 than by stating that the URAA “provides an additional method of proving notarial acts.” MCL 565.268. The Legislature need not repeal every law in a given area before it enacts new laws that it intends to operate in addition to their preexisting counterparts. The Legislature has the power to enact laws to function and interact as it sees fit. And when it does so, this Court is bound to honor its intent.
In this case, the Legislature made its intent clear through MCL 565.268. By enacting the URAA, it wished to create an additional method of authentica *132 tion.[7] We must respect this decision. Despite its likely decreased use in light of the URAA’s less rigorous requirements, MCL 600.2102(4) still has meaning. Hence, it is not rendered nugatory.[8]
Also, MCL 600.2102(4) is not rendered nugatory because it provides for the Governor to appoint a commissioner to authenticate out-of-state affidavits. Under the statute’s language, Michigan’s Governor could appoint a person who is not a notary to authenticate affidavits in any state or territory of the United States. MCL 600.2102(4). Such affidavits likely would not be admissible under the URAA. But they could be used because of MCL 600.2102(4). Given this, MCL 600.2102 is not rendered nugatory under our interpretation of the URAA. Instead, it has valid meaning and effect, even if it is rarely used.
*133 By contrast, a strict application of MCL 600.2102 as the only method of authenticating affidavits would render part of MCL 565.268 nugatory. Only by ignoring the sentence “[t]his act provides an additional method of proving notarial acts” could we arrive at defendants’ desired outcome. As discussed earlier, there is no reason to do so when we can provide both statutes full meaning as alternatives to one another. Therefore, we reverse the judgment of the Court of Appeals.[9]
*134 MCL 565.268 lays out how the Legislature intended to deal with MCL 600.2102 and the URAA. The URAA is an additional method of authenticating out-of-state affidavits, and either method may be used as an alternative to the other.[10] Because plaintiffs complied with the URAA, their affidavit was admissible.
tv. conclusion
Because of the unambiguous language of MCL 565.268, there is no conflict between the URAA and MCL 600.2102(4). The URAA was enacted as an additional means of dealing with all notarial acts. This includes affidavits. Because of the unambiguous language of MCL 565.268, the URAA provides an alternative method of authenticating out-of-state affidavits. The Court of Appeals erred in holding that plaintiffs’ affidavit was insufficient and inadmissible despite its compliance with the URAA. We reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings. We do not retain jurisdiction.
Taylor, C.J., and Cavanagh, Weaver, and Corrigan, JJ., concurred with KELLY, J.

 Defendant Memorial Hospital is not an appellant in this Court. Subsequent references in this opinion to “defendants” are to defendants Russell H. Tobe, D.O.; James H. Deering, D.O.; James H. Deering, D.O., EC.; and Shiawasee Radiology Consultants, EC.

 Unpublished order in Docket No. 251110.

 In fact, defendants concede that the URAA applies to all notarial acts. This would include affidavits offered in a judicial proceeding. Defendants’ concession undermines any argument that MCL 600.2102 was retained to carve out an exception to the URAA for affidavits used in judicial proceedings.

 “ ‘The object of the rule in pari materia is to carry into effect the purpose of the legislature as found in harmonious statutes on a subject.’ ” Jennings v Southwood, 446 Mich 125, 137; 521 NW2d 230 (1994), quoting Wayne Co v Auditor General, 250 Mich 227, 233; 229 NW 911 (1930).
Statutes in pari materia are those which relate to the same person or thing, or the same class of persons or things, or which have a common purpose. It is the rule that in construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should he read in connection with it, as together constituting one law, although enacted at different times, and containing no reference one to the other. [Detroit v Michigan Bell Tel Co, 374 Mich 543, 558; 132 NW2d 660 (1965).]

 “It is known by its associates.” Black’s Law Dictionary (7th ed).

 Black’s Law Dictionary (7th ed) defines “nugatory” as “of no force or effect; useless; invalid.”

 The brief amicus curiae of the Negligence Section of the State Bar of Michigan makes the uncontested assertion that 24 states and the District of Columbia will not comply with the requirements of MCL 600.2102(4). This list includes heavily populated states such as California, Florida, Massachusetts, New Jersey, and Texas. This fact may have provided additional motivation for the Legislature to create an additional method of authenticating affidavits.

 Justice Markman accuses us of rewriting and rendering nugatory the phrase “must be authenticated” as used in MCL 600.2102. This opinion does not render the phrase nugatory. As we have repeatedly noted, MCL 600.2102 still can be used as an alternative means of authentication. If a party chooses to use this method, the affidavit still “must be authenticated” in the same manner. As such, the phrase continues to have meaning.
This Court is not rewriting the statute. Instead, it is effectuating the intent behind the language written by the Legislature and considering MCL 600.2102 together with the URAA. The language of the URAA indicates that the Legislature intended to change MCL 600.2102 to render it no longer the exclusive means of authenticating out-of-state affidavits. To discern the true intent of the Legislature, the statutes must be read together, and no one section should be taken in isolation. This is where Justice Markman’s review fails.

 Courts in other states have faced issues similar to the one we face today. They have consistently come to the conclusion that the uniform act creates an alternative means of authentication. Rumph v Lester Land Co, 205 Ark 1147; 172 SW2d 916 (1943), provides an excellent example. In that case, an Arkansas statute that predated the enactment of the uniform acknowledgement act required that
“the certificate shall be authenticated by a certificate as to the official character of such officer, executed, if the acknowledgment is taken by a Clerk or Deputy Clerk of a court, by the presiding judge of the court or, if the acknowledgment is taken by a Notary Public, by a Clerk of a Court of Record of the County, Parish or District in which the acknowledgment is taken.” [Id. at 1149, quoting § 9(2) of 1943 Ark Acts 169 (emphasis added).]
The Arkansas Supreme Court concluded that, despite this language, the statute was merely a system of acknowledgement that was an alternative to the uniform acknowledgement act:
In other words, Act 169 of 1943 is merely permissive. Acknowledgments may still be taken, certified and authenticated just as heretofore; on the other hand, acknowledgments may he taken, certified and authenticated under the Uniform Acknowledgment Act, which is Act 169 of 1943. Two ways are open: (1) the old way; or (2) the way under Act 169 of 1943. Either way reaches the same goal: i. e., the right to be recorded. [Rumph, 205 Ark at 1149.]
See also First Nat’l Bank v Howard, 148 Tenn 188; 253 SW 961 (1923), and Valley Nat’l Bank of Arizona v Avco Dev Co, 14 Ariz App 56; 480 P2d 671 (1971).

 We strongly disagree with Justice Maekman that the “most obvious means of reconciling and harmonizing” these two provisions is to find that MCL 600.2102 carves out an exception to the URAA. Post at 143. Again, this fails to give effect to MCL 565.268. The “most obvious” means of accomplishing this task is to follow the instructions of the Legislature and treat the provisions as alternative means of authentication.