# STATE OF MICHIGAN

# COURT OF APPEALS

TIM EDWARD BRUGGER II,

        Plaintiff-Appellee,

v

MIDLAND COUNTY BOARD OF ROAD
COMMISSIONERS,

        Defendant-Appellant.

FOR PUBLICATION
May 15, 2018

No. 337394
Midland Circuit Court
LC No. 15-002403-NO

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

SHAPIRO, P.J. (*concurring*).

I concur with the majority that *Streng* should not be applied retroactively. I write separately to set forth my view that *Streng* was wrongly decided, and that compliance with either of the two notice-of-claim statutes suffices to preserve the claim.

*Streng* presented a highly unusual circumstance in that there were two statutes that set forth *inconsistent* requirements for a notice of claim against a county road commission. The Court in *Streng* concluded that it had to choose one statute over the other, and elevated MCL 224.21(3), the provision within the county road act over MCL 600.1404, the provision within the Governmental Tort Liability Act. Its conclusion rested upon the principle of statutory interpretation that between a general and specific statute the more specific statute controls. It could of course have reached the opposite conclusion by following the interpretive principle that a later-adopted statute controls over an earlier-adopted conflicting statute.[1] Choosing between the statutes is therefore, a somewhat arbitrary process.[2]

---

[1] "Statutes enacted by the Legislature on a later date take precedence over those enacted on an earlier date." *Baumgartner v Perry Pub Sch*, 309 Mich App 507, 521; 872 NW2d 837 (2015).

[2] The dissent does not dispute that MCL 691.1404 was adopted after MCL 224.21. Nevertheless, the dissent argues that because MCL 691.1401 was amended in 2012, it should be considered the later adopted provision. However, the 2012 amendment to MCL 691.1401 addressed matters wholly unrelated to notice to road commissions. The relevant provision in MCL 691.1401, i.e., the sentence referencing MCL 224.21, was part of the *original* version of the GTLA passed in

-1-

*Streng*, however, did not consider *Apsey v Memorial Hosp*, 477 Mich 120, 123; 730 NW2d 695 (2007), which held that such a choice need not be made.[3] *Apsey* was the last time Michigan was faced with this issue of two conflicting statutes governing the same procedural requirements. The unfortunate history of that case and the Supreme Court's ultimate resolution of it provide much guidance. *Apsey* was a medical malpractice case brought in 2001. The plaintiff filed an affidavit of merit as required by MCL 600.2912d(1) signed by a qualified out-of-state physician. *Apsey*, 477 Mich at 124. It was undisputed that the document was properly notarized and effective in Michigan under the relevant provision of the Uniform Recognition of Acknowledgements Act (URAA), MCL 565.262. However, the defendant argued that the affidavit was not effective in Michigan because it did not satisfy MCL 600.2102(4). *Id*. at 125. That statute required that for an out-of-state affidavit to be effective in Michigan, it must be accompanied by a certification carrying the seal of the county clerk where the document was signed confirming that the signing notary was in fact a notary.

Until *Apsey*, MCL 600.2102(4) had not been relied upon or even cited during the 23 years that the courts had been reviewing the adequacy of notices of claim.[4] The bench and bar had, since the adoption of the affidavit-of-merit requirement, consistently relied on and enforced MCL 565.262. Following the *Apsey* decision, medical malpractice defendants all over the state moved to dismiss pending cases because the affidavit of merit lacked certification of the notary's qualifications from the local court. Many of these cases were subject to dismissal with prejudice because the statute of limitations had run, and in *Scarsella v Pollak*, 461 Mich 547, 549-550; 607 NW2d 711 (2000), the Supreme Court had held that where an affidavit of merit was shown to be defective, the filing of the complaint did not toll the statute of limitations.

Ultimately, however, the Supreme Court in *Apsey* rejected the idea that one of the two conflicting statutes had to prevail over the other. Instead, it concluded that in passing two statutes designating proper procedure, the Legislature had provided "alternative method[s]" to accomplish the task. *Apsey*, 477 Mich at 134. In other words, rather than viewing the two statutes as "conflicting" with one being "right" and the other being "wrong," the Court concluded that the compliance with *either* of the statutes was sufficient. *Id*. at 123.

---

1964 and has never been amended. The relevant provision reads exactly as it did when *Crook* was decided in 1972. The 2012 amendments to MCL 691.1401 are not relevant to the relationship of MCL 691.1404 and MCL 224.21.

[3] The *Streng* Court should not be faulted for not noting the significance of *Apsey* as neither party cited it in their briefs.

[4] It appears that the last time MCL 600.2102(4) had been relied upon to dismiss a case was in *In re Alston's Estate,* 229 Mich 478; 201 NW 460 (1924). In *Wallace v Wallace*, 23 Mich App 741, 747; 179 NW2d 699 (1970), the Court agreed that the relevant affidavit did not satisfy MCL 565.262, but concluded that such an error could be corrected Nunc pro tunc, and was not dispositive.

As Justice Young stated in his concurrence:

> This is a case in which the majority and the dissent offer two compelling but competing constructions of [two statutes] and in my view, neither construction is unprincipled. Both sides invoke legitimate, well-established canons of statutory construction to justify their respective positions. In short, this is a rare instance where our conventional rules of statutory interpretation do not yield and unequivocal answer regarding how to reconcile the provisions of the two statutes that appear to conflict. [*Apsey,* 477 Mich at 138-139 (YOUNG, J., concurring).]

After inviting the Legislature to "dispel much of the confusion generated" by the two statutes, Justice Young concluded, that "until that time, I favor a resolution that is least unsettling and disruptive to the rule of law in Michigan" and so concurred in the reversal of the Court of Appeals. *Id.* at 141.

*Apsey* unmistakably leads to the conclusion that compliance with the pre-suit notice requirements of *either* MCL 600.1404 *or* MCL 224.21 is sufficient to proceed to suit. I believe that *Streng* was wrongly decided and should have adopted that view.

/s/ Douglas B. Shapiro