*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

HEATHER LYNN CASTILLO,

Defendant-Appellee.

FOR PUBLICATION
May 13, 2021
9:15 a.m.

No. 351841
Muskegon Circuit Court
LC No. 19-002171-AR

Before: MURRAY, C.J., and FORT HOOD and GLEICHER, JJ.

GLEICHER, J.

Heather Castillo pleaded no contest to a moving violation causing death, MCL 257.601d(1), after she turned left at an intersection and struck Todd Beebe, a motorcyclist. The prosecution sought restitution on behalf of Beebe's estate. Beebe's operation of his motorcycle without an endorsement barred a restitution award, the district court found. The circuit court ruled that the prosecution had waived its restitution claim.

On leave granted, the prosecution again seeks restitution. Waiver bars this appeal, Castillo claims. She additionally contends that the misdemeanor restitution statute authorizes restitution only for "serious misdemeanors," a term that does not include her offense. And Castillo takes this argument one step further, arguing that the relevant section of the misdemeanor restitution statute, MCL 780.826, irreconcilably conflicts with and supersedes the general restitution statute, MCL 769.1a, precluding *any* restitution award.

We hold that the prosecution did not waive its restitution claim, but that only the general restitution statute applies. We reverse the circuit court's contrary judgment and remand to the district court for proceedings consistent with this opinion.

## I. BACKGROUND

On a June evening in 2018, Castillo made a left turn without coming to a complete stop. Her Ford Fusion collided with Beebe's Harley Davidson motorcycle. The State Police incident report indicated that Beebe had a valid driver's license but lacked a motorcycle endorsement or insurance. Beebe died the day after the accident. He is survived by his wife and adult children.

Castillo pleaded no contest to a moving violation causing death in violation of MCL 257.601d(1). The district court sentenced Castillo to pay a $400 fine and $350 in costs.

The prosecution then sought restitution. At a district court hearing, the prosecution argued that restitution was warranted under both the general restitution statute, MCL 769.1a, and the misdemeanor restitution statute, MCL 780.826.[1] The prosecutor requested $1,412,411.34 in trebled damages as compensation for property damage, medical and funeral expenses, and wage loss. The misdemeanor restitution statute authorizes treble damages, the prosecutor contended.[2]

Castillo responded that the CVRA did not entitle family members to a deceased victim's future lost wages because the deceased could not "suffer income loss after" passing away, and that liability for medical expenses should flow through the no-fault act, MCL 500.3101 *et seq.*, not the restitution statutes. Castillo characterized this case as "a tragedy," but "also an accident." And treble damages were an excessive punishment under the Eighth Amendment of the United States Constitution, Castillo urged.

Relying on MCL 780.752(3), the court inquired whether restitution for lost wages would be warranted if Beebe had not died, but had instead suffered severe injuries.[3] The following exchange between the district court and the prosecutor underlies Castillo's waiver argument:

> *District Court*: "An individual who is charged with a crime arising out of the same transaction from which the charge against the defendant arose is not eligible to exercise the privileges and rights established for victims under this article." That's what (3) indicates. If the deceased were not deceased and were . . . operating a motorcycle in violation of state law, . . . without insurance and without a [motor]cycle endorsement, both misdemeanors—then [he] wouldn't be able to pursue this under the [CVRA], is that correct?"

> *Prosecutor*: That is correct, Your Honor.

> *District Court*: All right. But because the person is deceased, therefore, he obviously isn't going to be charged.

---

[1] The misdemeanor restitution statute is part of the William Van Regenmorter Crime Victim's Rights Act, (CVRA), MCL 780.751 *et seq.* The section of the CVRA specifically addressing misdemeanors is found at MCL 780.826.

[2] The prosecution made mathematical errors in calculating the requested restitution award. The amounts requested actually added up to a trebled amount of $1,444,279.56.

[3] MCL 780.752(3) states: "An individual who is charged with a crime arising out of the same transaction from which the charge against the defendant arose is not eligible to exercise the privileges and rights established for victims under this article." We refer to this as the "criminal activity" exception.

*Prosecutor*: That is correct, Your Honor.

The district court determined that a moving violation causing death under MCL 257.601d(1) was a civil infraction, not a crime or misdemeanor. Relying on that conclusion and referencing the definition of a "victim" under MCL 769.1a and MCL 780.766,[4] the district court found that Beebe did not "come[] within the definition of victim" because he "suffered those physical, financial, and emotional harm[s] as a result of the commission of a civil infraction," not a felony, misdemeanor, or an ordinance violation. Although the prosecutor interjected to alert the district court that a moving violation causing death was a misdemeanor and not a civil infraction, the district court indicated its "ruling remain[ed] the same," noting that MCL 257.601d "refers to a person committing a moving violation," which was "not covered by the definition of [a] victim . . . ."

And in any event, the district court concluded, the estate was "precluded from pursuing restitution under the [CVRA] because of [MCL] 780.752[(3)]." The district court reasoned it was "pretty apparent" that the intent of MCL 780.752(3) (the "criminal activity exception") was "to preclude use of that when the victim of a crime or otherwise victim of the crime is committing criminal offenses him or himself."

On appeal to the circuit court the prosecution argued that the district court had relied on the wrong provision of the CVRA. The prosecutor pointed out that MCL 780.766, the statute referenced by the district court, is found in Article 1 of the CVRA and only applies to felonies. MCL 780.826, found in Article 3 of the CVRA, governs restitution for victims of misdemeanors, the prosecution explained, as did the general restitution statute. A moving violation causing death under MCL 257.601d(1) is a misdemeanor, the prosecutor summarized, triggering the restitution provisions of both the CVRA and the general restitution statute.

The prosecution also argued that the district court erred in concluding that restitution was barred because Beebe operated his motorcycle without an endorsement. Even if Beebe had survived and been charged with failing to obtain a motorcycle endorsement, the prosecution contended, he would not have been barred from receiving restitution under MCL 780.811(3).

Castillo again maintained that her conduct constituted a civil infraction, not a crime, and emphasized the district court's determination that Beebe's failure to secure a motorcycle endorsement would have barred his right to restitution had he lived. The prosecution waived its

---

[4] MCL 769.1a(1)(b) of the general restitution statute defines "victim" as "an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a felony, misdemeanor, or ordinance violation." And, as used in the CVRA only, MCL 780.766(1) defines "victim" as "an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime." As used in Article 1, "crime" is defined as "a violation of a penal law of this state for which the offender, upon conviction, may be punished by imprisonment for more than 1 year or an offense expressly designated by law as a felony." MCL 780.752(1)(b).

argument that the failure to obtain a motorcycle endorsement did not bar restitution, she added, because at the restitution hearing the prosecutor "endorsed" that position.

The prosecutor insisted that the district court prosecutor had not waived any of her arguments in favor of restitution, but simply acknowledged that if the *felony* restitution were in play, restitution would have been barred. Castillo retorted that the prosecution "agreed with" the district court's question regarding Beebe's entitlement to restitution given his lack of a motorcycle endorsement and this rendered the issue "done." She requested that the circuit court affirm the district court's decision, noting this situation is "why we have a robust civil statute and no-fault insurance in order for them . . . to make claims there."[5]

The circuit court affirmed the district court's denial of restitution on waiver grounds, rejecting that a moving violation causing death was a civil infraction barring restitution. Rather, the circuit court noted that a moving violation causing death was a misdemeanor and the circuit court "was required to order restitution under both the [general restitution statute] and CVRA." Nevertheless, by "expressly agree[ing] to the district court's interpretation" of MCL 257.312a (regarding failure to obtain a motorcycle endorsement) and MCL 780.752 (the criminal activity exception), the circuit court concluded that the prosecution had waived its restitution claim.

We initially denied the prosecution's application for leave to appeal, but the Supreme Court remanded the case to us for review as on leave granted. *People v Castillo*, 505 Mich 1132 (2020). The prosecution continues to argue that the district court misinterpreted the statute under which Castillo was convicted and improperly applied the criminal activity exception to the restitution statute. And no waiver occurred, the prosecution insists.

Castillo again advances waiver, but also raises a new argument. She contends that the misdemeanor restitution statute authorizes restitution only when a defendant is charged with or convicted of a "serious misdemeanor," and characterizes her conviction as a nonserious misdemeanor. Because the misdemeanor restitution statute conflicts with and is more specific than the general restitution statute, Castillo posits that it supersedes the general restitution statute and precludes restitution. Although unpreserved, we will consider this argument in addition to Castillo's waiver claim.[6]

---

[5] This Court has previously held that the no-fault act, MCL 500.3101 *et seq.*, does not bar a motorcyclist's right to bring a third-party claim for damages, even if uninsured:

> The language of MCL 500.3135(2)(c) is unambiguous: individuals injured while operating a motor vehicle that is both owned by them and uninsured in violation of MCL 500.3101 are not entitled to recover damages. Motorcycles are not motor vehicles under the no-fault act. MCL 500.3101(2)(i)(*i*). Accordingly, MCL 500.3135(2)(c) does not limit the right of motorcyclists to recover damages. [*Brickey v McCarver*, 323 Mich App 639, 648; 919 NW2d 512 (2018).]

[6] "[A]lthough we will not normally consider issues that the trial court did not have the opportunity to address, this Court can—and will—overlook preservation requirements if it is in the interests of

-4-

## II. WAIVER

The circuit court erroneously concluded that the prosecution waived its restitution claim.

"[W]aiver is the intentional relinquishment or abandonment of a known right or privilege." *People v Bragg*, 296 Mich App 433, 465; 824 NW2d 170 (2012) (cleaned up). Waiver precludes appellate review of an asserted deprivation of a right because the waiver extinguishes any error. *People v Carter*, 462 Mich 206, 209, 215; 612 NW2d 144 (2000). The prosecution may not "harbor[] error at the trial level and subsequently seek[] relief on the basis of that error." *People v Szalma*, 487 Mich 708, 710; 790 NW2d 662 (2010).

At the restitution hearing, the prosecutor requested payment of restitution to Beebe's estate under the general and misdemeanor restitution statutes. The district court then asked the prosecutor whether in light of MCL 780.752(3), a felony restitution statute, Beebe would have been entitled to restitution had he survived. Quoting MCL 780.752(3), the district court further inquired whether, if Beebe had not passed away and had operated his motorcycle without insurance or an endorsement, "then [he] wouldn't be able to pursue this under the [CVRA], is that correct?" The prosecutor stated, "That is correct, Your Honor."

The prosecutor admitted only that the district court's interpretation of an inapplicable statute was correct. The district court referenced MCL 780.752, a felony restitution statute, and the prosecutor agreed with the district court's interpretation of that statute. But the prosecution's restitution argument focused on the general and misdemeanor restitution statutes, and not the felony statute. The prosecutor's agreement with the district court regarding an inapplicable statute did not constitute a waiver of restitution arguments premised on other statutory provisions.

## III. RESTITUTION

The prosecution contends that this Court should reverse the decisions of the district court and circuit court and order restitution to Beebe's estate under the general or misdemeanor restitution statutes, or both. Castillo counters that the circuit court reached the correct result in denying restitution for the alternative reason that the misdemeanor restitution statute, MCL 780.826, conflicts with and controls over the general restitution statute, MCL 769.1a, and authorizes restitution only when a defendant is charged with a serious misdemeanor. Castillo asserts that because she was charged with a nonserious misdemeanor, restitution was barred.

---

justice to do so." *People v Gioglio*, 296 Mich App 12, 17-18; 815 NW2d 589 (2012), vacated in part on other grounds 493 Mich 864 (2012) (cleaned up); see also *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002) (cleaned up) ("[T]his Court may overlook preservation requirements where failure to consider the issue would result in manifest injustice, if consideration of the issue is necessary to a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented."). Castillo's arguments involve questions of law, the facts necessary for their resolution have been presented, and judicial economy warrants our consideration of this argument.

We agree with Castillo, but only in part. The plain language of the misdemeanor restitution statute precludes its application to her because she was charged with and convicted of a nonserious misdemeanor. The general restitution statute remains applicable, however, because the two restitution statutes are readily reconcilable and represent alternative routes to restitution orders.

## A. REVIEW OF THE STATUTES

Both the general restitution statute, MCL 769.1a, and the CVRA, MCL 780.751 *et seq*., provide for restitution in cases arising from misdemeanors. By defining the term "defendant" as "a person charged with or convicted of having committed a serious misdemeanor against a victim," the CVRA limits restitution in misdemeanor cases to "serious misdemeanors." See MCL 780.811(c). Because Castillo's offense of conviction does not qualify as a "serious misdemeanor" as that term is defined in the CVRA, the misdemeanor restitution statute does not provide a path to restitution in this case.

Castillo's conflict argument rests on the proposition that if restitution is precluded under the CVRA, it must also be precluded under the general restitution statute. We reject this argument for the simple reason that the two statutory provisions regarding restitution in misdemeanor cases can be interpreted harmoniously without doing violence to either.

### 1. THE MISDEMEANOR RESTITUTION STATUTE

MCL 780.826(2), the misdemeanor restitution statute, states, in relevant part:

> Except as provided in subsection (8), when sentencing a defendant convicted of a misdemeanor, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

As used in Article 3 of the CVRA governing misdemeanors, the term "defendant" is defined as a "person charged with or convicted of having committed a serious misdemeanor against a victim." MCL 780.811(1)(c). Although MCL 780.811 provides an avenue for overriding definitions in Article 3 ("[e]xcept as otherwise defined"), "defendant" is not otherwise defined within the misdemeanor restitution portion of the act. Therefore, the definition of "defendant" under MCL 780.811(1)(c) controls for purposes of MCL 780.826.[7]

Within the CVRA, a "misdemeanor" is defined as "a violation of a law of this state or a local ordinance that is punishable by imprisonment for not more than 1 year or a fine that is not a civil fine, but that is not a felony." MCL 780.826(1)(a). And, a "[s]erious misdemeanor" is defined as 1 or more of 16 offenses, MCL 780.811(1)(a)(*i*)-(*xvi*), a corresponding ordinance violation,

---

[7] In contrast, MCL 769.1a does not contain a specific definition for "defendant." MCL 761.1, which contains definitions applicable to the Code of Criminal Procedure, which includes MCL 769.1a, does not specifically define "defendant" either.

MCL 780.811(1)(a)(*xvii*), or a "violation charged as a crime[8] or serious misdemeanor enumerated in subparagraphs (*i*) to (*xvii*) but subsequently reduced to or pleaded to as a misdemeanor," MCL 780.811(1)(a)(*xviii*).

Castillo was charged with and convicted of a moving violation causing death under MCL 257.601d(1), a misdemeanor. But MCL 257.601d(1) is not among the offenses listed under MCL 780.811(1)(a)(*i*)-(*xvi*), nor does it qualify as a corresponding ordinance violation under MCL 780.811(1)(a)(*xvii*), or as a violation that was charged as a crime or serious misdemeanor under MCL 780.811(1)(a)(*i*)-(*xvii*) but subsequently reduced to or pleaded to as a misdemeanor. Therefore, a moving violation causing death is not a serious misdemeanor for purposes of the CVRA. Because Castillo was charged with and convicted of a moving violation causing death and that offense does not qualify as a "serious misdemeanor," Castillo was not a "defendant" for purposes of the payment of restitution under MCL 780.826.

## 2. THE GENERAL RESTITUTION STATUTE

The general restitution statute, MCL 769.1a(2), states:

> Except as provided in subsection (8), when sentencing a defendant convicted of a felony, misdemeanor, or ordinance violation, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

Castillo posits that she cannot be considered a "defendant convicted of a . . . misdemeanor" under this statute because she does not meet the definition of "defendant" used in the misdemeanor section of the CVRA. Our understanding of the meaning of the word "defendant" is guided by the axiom that "if the statutory language is plain and unambiguous, then no judicial interpretation is necessary or permitted." *People v Speed*, 331 Mich App 328, 331; 952 NW2d 328 (2020) (cleaned up). The meaning of "defendant" is plain, unambiguous, and indisputably applies to Castillo. Moreover, "[c]ourts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993). Had the Legislature intended the word "defendant" as used in the general restitution statute to have a special or particular meaning it would have said so—just as it did in the CVRA.

A natural reading of the general restitution statute supports restitution in misdemeanor cases. The general restitution statute is located within the Code of Criminal Procedure, MCL 760.1 *et seq.*, in which the term misdemeanor is defined as "a violation of a penal law of this state that is not a felony or a violation of an order, rule, or regulation of a state agency that is punishable by

---

[8] MCL 780.811(1)(a)(*xviii*) relies on the definition of "crime" as defined in MCL 780.752(1)(b). As noted above, "crime" is defined in MCL 780.752(1)(b) as "a violation of a penal law of this state for which the offender, upon conviction, may be punished by imprisonment for more than 1 year or an offense expressly designated by law as a felony."

imprisonment or a fine that is not a civil fine." MCL 761.1(n). Castillo's crime of conviction qualifies as a misdemeanor under the Code of Criminal Procedure. As a defendant convicted of a misdemeanor, she is liable for restitution under MCL 769.1a, the general restitution statute.

### 3. HARMONIZING THE TWO STATUTES

Michigan's two restitution statutes relate to the same subject, and therefore must be interpreted *in pari materia*. *Apsey v Mem Hosp*, 477 Mich 120, 129 and n 4; 730 NW2d 695 (2007). We acknowledge that as applied to misdemeanants, they contain different definitions of the word "defendant." But this does not mean that the two statutes irreconcilably conflict and that only one may survive. As our Supreme Court explained in *Apsey*, our task is to harmonize apparently conflicting statutes if doing so gives effect to legislative intent. *Id*. at 127.

> The Legislature need not repeal every law in a given area before it enacts new laws that it intends to operate in addition to their preexisting counterparts. The Legislature has the power to enact laws to function and interact as it sees fit. And when it does so, this Court is bound to honor its intent. [*Id*. at 131.]

When interpreting statutes that seem at odds, we must also remember that "[w]henever possible, every word of a statute should be given meaning. And no word should be treated as surplusage or made nugatory." *Id*. at 127. As stated by this Court, "When two statutes cover the same general subject, they must be construed together to give reasonable effect to both, if at all possible." *Titus v Shelby Charter Twp*, 226 Mich App 611, 615; 574 NW2d 391 (1997).

Castillo urges us to limit the application of the general restitution statute to "serious misdemeanors," but we find nothing in the text of the statute that would support such a reading. To the contrary, the applicable definition of "misdemeanor" in the general restitution statute unquestionably embraces a conviction under MCL 257.601d(1), a moving violation causing death. Were we to interpret the general restitution statute in the manner Castillo urges, we would rewrite that statute's definition of "misdemeanor." Further, when enacting the CVRA the Legislature did not repeal the general restitution statute; indeed, the latter was amended during the same year that the CVRA was enacted. Obviously, the Legislature was aware that two statutes with different provisions and language govern restitution in our State, yet made no effort to eliminate either.

Our Supreme Court has characterized certain sections of the two statutes as "complementary to the broad mandate for complete restitution . . . ." *People v Garrison*, 495 Mich 362, 369; 852 NW2d 45 (2014). And this Court acknowledged differences in the breadth of the two statutes regarding restitution for medical and professional services in *People v Corbin*, 312 Mich App 352, 365; 880 NW2d 2 (2015), in which we enforced a portion of a restitution order supported by language in the general restitution statute but not in the CVRA. Although the provisions of the two statutes at issue here differ regarding the types of misdemeanors for which restitution must be ordered, we discern no reason that they cannot harmoniously coexist.

Our reasoning is also informed by the Michigan Constitution, which specifically endows crime victims with a right to restitution. Const 1963, art 1, § 24. The purpose of restitution laws is "to enable victims to be compensated fairly for their suffering at the hands of convicted

offenders." *Garrison*, 495 Mich at 368. Applying the general restitution statute under the circumstances of this case fulfills constitutional goals.

Finally, we note several differences between the general and misdemeanor restitution statutes that may help explain why the Legislature treats restitution in cases of "serious misdemeanors" differently than in other misdemeanor prosecutions. The CVRA permits a crime victim to make a victim impact statement for use in the presentence investigation report, MCL 780.824, and to make a statement at a defendant's sentencing, MCL 780.831. The CVRA also permits a court to amend an order of restitution on motion of a party "based on new information related to the injury, damages, or loss for which the restitution was ordered." MCL 780.826(19). These provisions do not appear in the general restitution statute. It makes sense that these expanded procedural protections for victims are permitted in cases of "serious misdemeanors" rather than in all misdemeanor cases. Restricting these procedures enhances judicial economy, particularly when the underlying matters are less likely to merit a restitution award. And particularly relevant here, the general restitution statute does not authorize trebling damages, perhaps reflecting legislative recognition that in a nonserious misdemeanor case this penalty might be disproportionate.[9]

## IV. CONCLUSION

The prosecution sought restitution under the general restitution statute, the misdemeanor statute, or both. The misdemeanor restitution statute is inapplicable, as Castillo's crime of conviction does not qualify as a "serious misdemeanor" under that statute. The general misdemeanor statute does apply, however. Accordingly, we reverse the circuit court and remand to the district court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Christopher M. Murray
/s/ Karen M. Fort Hood

---

[9] We note that the general restitution statute provides that "[t]he court shall not order restitution to be paid to a victim or victim's estate if the victim or victim's estate has received or is to receive compensation for that loss, and the court shall state on the record with specificity the reasons for its action." MCL 769.1a(8). Additionally, the statute states, "Any amount paid to a victim or a victim's estate under an order of restitution shall be set off against any amount later recovered as compensatory damages by the victim or the victim's estate in any federal or state civil proceeding . . . ." We anticipate that on remand, the district court will hold a restitution hearing at which evidence of any other payments will be entertained.