*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN WILLIAM FURLONG,

        Defendant-Appellant.

UNPUBLISHED
March 10, 2022

No. 348555
Jackson Circuit Court
LC No. 16-005507-FC

Before: O'BRIEN, P.J., and SERVITTO, J. and GLEICHER, C.J.

SERVITTO, J (*dissenting*)

I respectfully dissent.

The Supreme Court remanded this matter to this Court for consideration of whether 50 points were correctly assigned to Offense Variable (OV) 13 pursuant to MCL 777.43(1), in light of *People v Nelson*, 491 Mich 869 (2012). The majority has done a thorough analysis of *Nelson* as well as of *People v Aldridge*, unpublished per curiam opinion of the Court of Appeals, issued June 4, 2020 (Docket No. 349082) and I agree with the vast majority of those analyses. My disagreement is with the majority's ultimate conclusion that *Nelson* and *Aldridge* preclude us from allowing OV 13 to be scored at 50 points in this particular matter.

*Nelson* and *Aldridge* both involved a straightforward reading and application of MCL 777.43(1)(c), which directs the sentencing court to assign 25 points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." In *Nelson*, the defendant was convicted of possession with intent to deliver cocaine and felony firearm, neither of which are crimes against a person. Our Supreme Court found that because the sentencing offense was not a crime against a person, it could not be part of pattern of criminal activity involving 3 or more crimes against a person. Thus, OV 13 could not be scored at 25 points.

In *Aldridge*, the defendant pleaded guilty to third-offense attempted domestic violence and malicious destruction of a building. However, a presentence investigation report (PSIR) was prepared only for the malicious destruction of property conviction, because it was defendant's highest crime class felony conviction. See MCL 771.14(2)(e)(iii) (A PSIR is to include, for a person to be sentenced under the sentencing guidelines, ". . . the computation that determines the

-1-

recommended minimum sentence range for the crime having the highest crime class.'); See also *People v Mack*, 265 Mich App 122, 128; 695 NW2d 342 (2005) ("for sentencing on multiple concurrent convictions, a PSIR would only be prepared for the highest crime class felony conviction . . ."). The *Aldridge* Court explained that, "[p]ursuant to the Supreme Court's order in *Nelson*, in order for the sentencing offense to be 'part of a pattern' of crimes against persons for purposes of scoring OV 13 at 25 points . . . it must itself be a crime against a person." *Aldridge*, unpub op at 4. Accordingly, because the actual sentencing offense was malicious destruction of a building (which is not a crime against a person), this Court concluded that OV 13 was improperly scored at 25 points in that case *Id*. at 5.

Notably, *Nelson* and *Aldridge* both addressed the broad category of "crimes against a person" in assessing points under OV 13 and the sentencing offenses in those cases did not fall within the broad category of "crimes against a person." "Crimes against a person" is one of only six general "classes" of crimes (or "crime groups") into which an offense may fall for purposes of applying the sentencing guidelines. See MCL 777.5. [1] Within each of those six classes of crimes are hundreds and hundreds of specific offenses. *Nelson* and *Aldridge* then, stand for the logical proposition that in order for a "pattern of felonious criminal activity involving 3 or more crimes against a person" to be found, the sentencing offense must be within the same broad class of "crimes against a person." [2] "Pattern" is, after all, defined as "a mode of behavior or series of acts that are recognizably consistent," (Black's Law Dictionary (11th ed.) and "a reliable sample of traits, acts, tendencies, or other observable characteristics or a person, group, or institution." [3] Merriam-Webster's Collegiate Dictionary (11th ed.). If the scoring offense is not a crime against a person, it would be difficult to find that it was *part of a pattern* of crimes against a person for scoring purposes under MCL 777.43(1)(c). It would have been puzzling, in *Nelson*, to consider that a drug or weapon possession offense could be construed as part of a pattern of crimes against a person when neither offense falls within the broad class of "crimes against a person." That the sentencing offense must fall within the same one of the six broad categories of crime groups to count as part of a pattern of that crime group recognizes and allows for the scoring of higher points for a defendant who has repeatedly engaged in the same *type* of criminal behavior regardless of whether he was charged with or convicted of all incidences of that type of behavior.

Here, defendant's sentencing offense was CSC I, which is a crime against a person. In assessing 50 points for OV 13, the trial court relied on testimony provided at the probable cause hearing and defendant's presentence investigation report PSIR for additional information of prior

---

[1] The other five classes/crime groups are crimes against property, crimes involving a controlled substance, crimes against public order, crimes against public safety, and crimes against public trust.

[2] In similar vein, for 5 points to be scored under OV 13, the sentencing offense would have to be a crime against property in order to be considered "part of a pattern of felonious criminal activity involving 3 or more crimes against property." See MCL 777.43(1)(f).

[3] When interpreting an undefined statutory term, the term must be accorded its plain and ordinary meaning, which can be found in a lay dictionary if the words are common and lack a unique legal meaning. *Farris v McKaig*, 324 Mich App 349, 354; 920 NW2d 377 (2018).

incidents. The PSIR included information that the victim had disclosed that from the time she was 12 years old, defendant had sexually assaulted her more than 10 times, including instances of defendant kissing her, licking her, getting her to lick him, grabbing her breasts, and putting her hand on his penis. The victim's mother also spoke at the sentencing hearing about walking in to see defendant sexually assaulting the victim only 33 days after the victim turned 13 years old and how it was later revealed that defendant assaulted the victim multiple times over the course of two to three years. The trial court thus had information before it concerning penetrations of the victim that occurred prior to when she turned 13, which are, as with defendant's sentencing offense, crimes against a person. Because defendant's sentencing offense and uncharged acts all fall within the same broad class of crimes (those against a person), the assessment of 50 points for OV 13 does not offend *Nelson* and *Aldridge*. What *Nelson* and *Aldridge* did not address, however, is the specific issue we are called upon to resolve in the matter presently before us: whether the sentencing offense must be the same as the other offenses that form the "pattern of felonious criminal activity" in order for it to be considered part of that pattern. I would find that it does not.

MCL 777.43(1)(a) provides that a trial court may score 50 points for OV 13 when it finds that the sentencing offense "was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." There was ample information before the trial court establishing that defendant had engaged in sexual abuse, including oral penetrations, of the victim for at least one year prior to her thirteenth birthday. Defendant's abuse, however, was not reported, nor was he charged for any sexual abuse, until an incident of abuse was observed by the victim's mother a month after the victim had turned 13 years old. The offense for which defendant was ultimately charged and pleaded guilty was thus penetration of a victim at least 13 but less than 16 years of age and defendant is a member of the same household as the victim (MCL 750.520b(1)(b)). Because his sentencing offense was not a sexual penetration "against a person or persons less than 13 years of age," the majority concludes that it cannot be "part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." under MCL 777.43(1)(a). In my opinion, however, to interpret MCL 777.43(1)(a) as requiring that defendant's *sentencing offense* must be penetration of a victim less than 13 in order for 50 points to be assessed for OV 13 would have the sentencing court, and this Court, disregard evidence that defendant did engage in penetration of the victim when she was 12 years old and simply continued to do so after she reached 13 years of age.

I see no logical reason to draw a line in the sand between sexual penetration that may have occurred when the victim was, say, a week shy of her 13th birthday and sexual penetration that occurred when she was one month past her 13th birthday for purposes of scoring OV 13. Had the sexual penetrations of the victim begun or only occurred after the victim reached 13, that would be a different story. But, here, defendant's sexual penetration of the victim began prior to her 13th birthday and proceeded, as a pattern does, to keep occurring, even after her 13th birthday. Given the victim's disclosure that defendant had "licked her" in the several years prior to his sentencing offense, defendant's CSC I conviction of oral penetration of the victim 30 days after her 13th birthday was clearly part of pattern of "felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." MCL 777.43(1)(a).

In reaching this conclusion, I pay particularly close attention to the specific language the Legislature chose to use in MCL 777.43(1)(a). When interpreting a statute, "our goal is to give

effect to the Legislature's intent, focusing first on the statute's plain language." *People v Pinkney*, 501 Mich 259, 268; 912 NW2d 535 (2018) (citation omitted). Where statutory language is unambiguous, "we will enforce the statute as written because the Legislature is presumed to have intended the meaning expressed." *Apsey v Mem Hosp*, 477 Mich 120, 127; 730 NW2d 695 (2007) (citation omitted).

MCL 777.43(1)(a), as written, provides that to score OV 13 at 50 points, the offense must be part of a *pattern* of felonious criminal activity *involving* 3 or more sexual penetrations against a person under 13. Again, a "pattern" is "a mode of behavior or series of acts that are recognizably consistent," (Black's Law Dictionary (11th ed.). "Involve" means "to have within or as part of itself: include." Merriam-Webster's Collegiate Dictionary (11th ed.). Thus, to score OV 13 at 50 points, the sentencing offense must be a mode of recognizably consistent criminal behavior that includes 3 or more sexual penetrations against a person under 13. There is no requirement in MCL 777.43(1)(a) that the sentencing offense itself be a penetration of a victim under 13 years old; rather it must only be part of a pattern that *involves* (i.e., *includes*) penetration of a person under 13. If the Legislature had intended that the sentencing offense be one of the three penetrations of a person under 13, or that all penetrations must have occurred when the victim was less than 13 years old, it could easily have specified as much. The statute could have been drafted to read, for example, that "the sentencing offense was one of three or more sexual penetrations against a person or persons less than 13 years of age." Instead, the Legislature chose to keep the statutory language broader.

I would also note that MCL 777.43(1)(a) indicates that the 3 or more sexual penetrations are "against a person or persons." This language, when considered with MCL 777.43(2)'s requirement that "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction," indicates that the three or more sexual penetrations could be with more than one person. If sexual penetrations against persons other than the victim of the sentencing offense must be included for purposes of assessing point under OV 13, I see no reason to find that sexual penetrations of the same victim are not to be included, whether charged or uncharged.

In sum, I would find that *Nelson* and *Aldridge* stand for the basic, but sound, principle that in order for a sentencing offense to be part of a pattern of criminal behavior involving a broad class of offenses, the sentencing offense must be within the same broad class of offenses. I would also find that to score 50 points for OV 13, MCL 777.43(1)(a) requires only that the sentencing offense be part of a pattern of criminal activity that includes 3 or more sexual penetrations against a person less than 13 years of age; not that the sentencing offense necessarily be one of those 3 or more sexual penetrations. The trial court relied upon the PSIR, hearing testimony, and interviews to find that defendant had engaged in penetration of the victim 3 or more times before she turned 13 years old. Although the victim was not specific about dates of penetration, defendant was arrested approximately one month after the victim's 13th birthday, and there was evidence that sexual assaults, including "licking" her, occurred multiple times when she was 12 years old. I would thus find no clear error with respect to the trial court's findings in support of assessing 50 points for OV 13 and would affirm.

/s/ Deborah A. Servitto