**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED JUNE 4, 2008

LANCE N. LEMMEN,

    Plaintiff-Appellant,

v

No. 135405

BARBARA LEMMEN,

    Defendant-Appellee.

_____

MEMORANDUM OPINION.

At issue here is whether MCL 552.17(1) and MCL 552.28 fall within an exception to the rule of MCR 7.208(A) that a trial court may not amend a final judgment after a claim of appeal has been filed or leave to appeal has been granted. In lieu of granting leave to appeal, we affirm the Court of Appeals and hold that the statutes are exceptions "otherwise provided by law," MCR 7.208(A)(4), with regard to child and spousal support if the trial court finds that there has been a change in circumstances.

MCR 7.208(A) provides:

> Limitations. After a claim of appeal is filed or leave to appeal is granted, the trial court or tribunal may not set aside or amend the judgment or order appealed from except

(1) by order of the Court of Appeals,

(2) by stipulation of the parties,

(3) after a decision on the merits in an action in which a preliminary injunction was granted, or

(4) as otherwise provided by law.

MCL 552.17(1) provides:

After entry of a judgment concerning annulment, divorce, or separate maintenance and on the petition of either parent, the court may revise and alter a judgment concerning the care, custody, maintenance, and support of some or all of the children, as the circumstances of the parents and the benefit of the children require.

MCL 552.28 provides:

On petition of either party, after a judgment for alimony or other allowance for either party or a child, or after a judgment for the appointment of trustees to receive and hold property for the use of either party or a child, and subject to [MCL 552.17], the court may revise and alter the judgment, respecting the amount or payment of the alimony or allowance, and also respecting the appropriation and payment of the principal and income of the property held in trust, and may make any judgment respecting any of the matters that the court might have made in the original action.

Under MCR 7.208(A)(4), a trial court can only amend a judgment after a claim of appeal has been filed or leave to appeal has been granted if an exception is "otherwise provided by law." MCL 552.17(1) and MCL 552.28 authorize a trial court to modify judgments concerning child or spousal support after entry of the judgment. In general, a trial court may modify child or spousal support after the judgment has entered if there is a change in circumstances. *Havens v Havens-Anthony*, 335 Mich 445, 451; 56 NW2d 346 (1953). MCL 552.17(1) and MCL 552.28 do not specifically state that the trial court may modify support after a

2

claim of appeal has been filed or leave to appeal has been granted, nor do they limit the trial court's authority to modify to instances in which the appeals process is complete. Rather, MCL 552.17(1) and MCL 552.28 provide courts with a broad grant of authority to modify spousal and child support orders under the appropriate circumstances. Therefore, MCL 552.17(1) and MCL 552.28 satisfy the exception in MCR 7.208(A)(4) allowing a trial court to amend an order or judgment during an appeal "as otherwise provided by law."

The language found in MCL 552.17(1), "as the circumstances of the parents and the benefit of the children require," suggests that the purpose of allowing modification of a final judgment regarding child support is to ensure the welfare of the children when the circumstances of the parents or the needs of the children have changed. The language found in MCL 552.28, "may make any judgment respecting any of the matters that the court might have made in the original action," allows the trial court to reassess the amount of spousal support that is necessary after a judgment has entered. There would be no need to adjust the amount of spousal support unless there had been a change in the circumstances of either party. Therefore, to require the trial court to wait to make modifications until after an appeal is completed is contrary to the plain language of the statutes and would defeat their purpose, which is to enable the trial court to make modifications to child and spousal support orders when such modifications are necessary. The appeals process might take several years to complete. If there is a change in circumstances that would affect the needs of one of the parties or their

3

children, or the ability of one of the parties to pay, the trial court should not, and does not, have to wait until that time has passed to modify a support order.

Affirmed.

Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman