# STATE OF MICHIGAN

# COURT OF APPEALS

ZAID SAFDAR,

　　　　　　　Plaintiff-Appellee,

v

DONYA AZIZ,

　　　　　　　Defendant-Appellant.

FOR PUBLICATION
September 7, 2017
9:00 a.m.

No. 337985
Oakland Circuit Court
Family Division
LC No. 2016-839363-DM

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] a March 24, 2017 order denying without prejudice defendant's motion to change domicile and relocate with the parties' daughter to Pakistan. The underlying facts are not in dispute.

Plaintiff and defendant, both Pakistani citizens, were married in Pakistan on June 24, 2011, and relocated to the United States, where plaintiff resided with an employment visa. In 2015, defendant moved to Michigan to live with her aunt, while plaintiff continued to reside in Maryland. The couples' only daughter was born in Oakland County on January 1, 2016. The parties divorced on December 21, 2016. Pursuant to the judgment of divorce, the parties would share joint legal custody of the minor child while defendant would maintain sole physical custody. The divorce judgment contained a provision prohibiting the exercise of parenting time in any country not a party to the Hague convention. At that time, the prohibition applied to Pakistan. Challenging only the trial court's denial of her motion for attorney fees, defendant filed a claim of appeal from the divorce judgment. That appeal is pending before this Court in Docket No. 336590.

In March 2017, defendant filed the motion to change domicile that is the subject of this appeal, expressing her desire to relocate with the minor child to Pakistan as soon as possible and claiming that Pakistan had completed steps to become a party to the Hague convention since

---

[1] *Safdar v Aziz*, unpublished order of the Court of Appeals, entered May 26, 2017 (Docket No. 337985).

-1-

entry of the judgment of divorce. Plaintiff objected, arguing that the trial court lacked authority to set aside or amend the judgment of divorce while defendant's appeal from the judgment of divorce was still pending before this Court. Defendant responded that her appeal was limited to the issue of attorney fees, and did not preclude the trial court's consideration of custody matters. The trial court adopted plaintiff's position and entered an order dismissing defendant's motion for change of domicile without prejudice, reasoning that pursuant to MCR 7.208(A), it lacked jurisdiction to modify any component of the judgment of divorce.

Defendant filed a motion for reconsideration in the trial court, arguing that under MCR 7.208(A)(4), the trial court was not limited by the pending appeal from considering modification of the divorce judgment "as otherwise provided by law." Defendant argued that because MCL 722.27(1)(c) and MCL 522.17(1) permit a trial court to consider issues related to custody as they arise, the trial court did not need to wait for resolution of the pending appeal before it considered her motion for change of domicile on the merits. In support of her position, defendant cited our Supreme Court's holding in *Lemmen v Lemmen*, 481 Mich 164, 167; 749 NW2d 255 (2008), where the Court specifically held that MCL 552.17(1) satisfied the exception of MCR 7.208(A)(4). The trial court denied defendant's motion, concluding that *Lemmen*'s holding was limited to judgments concerning child or spousal support and did not extend to changes relating to custody or changes of domicile.

On appeal, defendant argues that the trial court erred when it concluded that it lacked jurisdiction to consider the merits of her motion for change of domicile because the trial court was authorized to consider the issue of domicile under MCR 7.208(A)(4), MCL 722.27(1)(c) and MCL 552.17(1). We agree.

"The proper interpretation and application of a statute presents a question of law that we review de novo." *Petersen v Magna Corp*, 484 Mich 300, 306; 773 NW2d 564 (2009). "We interpret court rules using the same principles that govern the interpretation of statutes." *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011). "Our goal when interpreting and applying statutes or court rules is to give effect to the plain meaning of the text. If the text is unambiguous, we apply the language as written without construction or interpretation." *Id*. We also review de novo the question of a trial court's subject-matter jurisdiction. *Clohset v No Name Corp*, 302 Mich App 550, 559; 840 NW2d 375 (2013).

In pertinent part, MCR 7.208(A) provides:

> After a claim of appeal is filed or leave to appeal is granted, the trial court or tribunal may not set aside or amend the judgment or order appealed from except
>
> (1) by order of the Court of Appeals,
>
> (2) by stipulation of the parties,
>
> (3) after a decision on the merits in an action in which a preliminary injunction was granted, or
>
> (4) as otherwise provided by law.

There is no dispute that the first three exceptions to the broad prohibition of MCR 7.208(A) do not apply in this case. Defendant argues that MCL 522.17(1) and MCL 722.27(1)(c) give the trial court the authority to invoke MCR 7.208(A)(4)'s "as otherwise provided by law" exception, thus allowing the court to consider defendant's motion for a change of domicile while the appeal in Docket No. 336590 is pending. MCL 552.17(1) provides:

> After entry of a judgment concerning annulment, divorce, or separate maintenance and on the petition of either parent, the court may revise and alter a judgment concerning the care, custody, maintenance, and support of some or all of the children, as the circumstances of the parents and the benefit of the children require.

Similarly, MCL 722.27(1)(c) permits a trial court to "modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age."

In *Lemmen*, our Supreme Court held that MCL 552.17(1) and a related statute, MCL 552.28, "satisfy the exception in MCR 7.208(A)(4) allowing a trial court to amend an order or judgment during an appeal 'as otherwise provided by law.' " *Lemmen*, 481 Mich at 167. The *Lemmen* Court reasoned that because MCL 552.17(1) permits modification of a final judgment as necessary "to ensure the welfare of the children when the circumstances of the parents or the needs of the children have changed," its application should not be limited while the parties wait for resolution on appeal. *Id*. According to the *Lemmen* Court,

> to require the trial court to wait to make modifications until after an appeal is completed is contrary to the plain language of the statute[] and would defeat [its] purpose, which is to enable the trial court to make modifications to child and spousal support orders when such modifications are necessary. The appeals process might take several years to complete. If there is a change in circumstances that would affect the needs of one of the parties or their children, or the ability of one of the parties to pay, the trial court should not, and does not, have to wait until that time has passed to modify a support order. [*Id*.]

Plaintiff correctly notes that there is no case law applying MCL 552.17(1) as an exception to MCR 7.208(A)(4) in a case involving change of domicile. Plaintiff argues that because the *Lemmen* Court's consideration was limited to issues involving spousal and child support, it should not be expanded to all custody determinations. But plaintiff's reading of *Lemmen* is myopic. Although the *Lemmen* Court considered the interplay of MCL 552.17(1) and MCR 7.208(A) in the context of child support, the Court framed the issue before it in general and comprehensive terms: "At issue here is whether MCL 552.17(1) and MCL 552.28 fall within an exception to the rule of MCR 7.208(A) that a trial court may not amend a final judgment after a claim of appeal has been filed or leave to appeal has been granted." *Id*. at 165. While the *Lemmen* Court's consideration was specific to modifications related to support, its reasoning is equally applicable to situations involving custody.

Under the plain language of MCL 552.17(1), a trial court is vested with authority to "alter a judgment concerning the care, custody, maintenance, *and* support of some or all of the

-3-

children." (Emphasis added.) We are not persuaded by plaintiff's suggestion that after *Lemmen*, only one of these four coequal categories constitutes an exception under MCR 7.208(A). See *Robinson v City of Lansing*, 486 Mich 1, 16; 782 NW2d 171 (2010) (recognizing that "any attempt to segregate any portion or exclude any portion of a statute from consideration is almost certain to distort the legislative intent" (quotation marks and citations omitted)); *GC Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003) (explaining that "words in a statute should not be construed in the void, but should be read together to harmonize the meaning, giving effect to the act as a whole" (quotation marks and citations omitted)). Under MCL 552.17(1), the trial court has the authority to modify support while an appeal is pending, and it has equal authority to modify "care" and "custody." Further, under MCL 722.27(1)(c) of the Child Custody Act (CCA), MCL 722.21 *et seq.*, the trial court maintains the authority to modify or amend previous judgments involving custody of a minor child at any time until the child is 18 years old, so long as the requesting party can show proper cause and a change in circumstances necessitating the modification.

The parties also dispute whether a change in domicile is an issue concerning the care and custody of a child. In *Rains v Rains*, 301 Mich App 313, 319-324; 836 NW2d 709 (2013), this Court considered the issue of whether a change in domicile is an order affecting the custody of a child appealable by right as a final order. The Court reasoned that because a change in domicile may affect a child's established custodial environment, it must be treated as an issue involving custody. *Id*. at 323-324. That the exception of MCR 7.208(A)(4) applies where a trial court is presented with a motion to change domicile after a claim of appeal has been filed in this Court is consistent with the purpose of the CCA, the statutory scheme prescribing determination of matters related to child custody. "It is the rule that in construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although enacted at different times, and containing no reference one to the other." *Apsey v Memorial Hosp*, 477 Mich 120, 129 n 4; 730 NW2d 695 (2007), quoting *Detroit v Michigan Bell Tel Co*, 374 Mich 543, 558; 132 NW2d 660 (1965).

Although MCL 552.17(1) is not part of the CCA, it "relate[s] to the same person or thing, or the same class of persons or things," and should be read *in pari materia* with the act. *Id*., quoting *Detroit*, 374 Mich at 558. Indeed, a motion for change of domicile is brought pursuant to MCL 722.31(4) of the CCA, *Yachcik v Yachcik*, 319 Mich App 24, ___; ___ NW2d ___ (2017), and, as in any dispute over custody, a court is required to consider the best interest factors in considering whether to grant a motion for change of domicile. *Rains*, 301 Mich App at 325; *Rivette v Rose-Molina*, 278 Mich App 327, 330 n 1; 750 NW2d 603 (2008). The purpose of the CCA is "to promote the best interests of children." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). The issues of where a child will be domiciled and how the child's domicile will affect the established custodial environment are important ones. Neither the child nor the parties should be required to wait for resolution of a pending appeal when the trial court can decide whether an appropriate change of circumstances has already occurred and a change in domicile is in the child's best interests.

The trial court erred when it determined that it lacked the authority to consider defendant's motion for change of domicile and modify the parties' divorce judgment during the pendency of defendant's appeal.

Reversed. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray