# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

SAFDAR v AZIZ

Docket No. 156611. Decided March 27, 2018.

Zaid Safdar filed an action in the Oakland Circuit Court, Family Division, seeking a divorce from Donya Aziz. The court granted a judgment of divorce, which provided that the parties would share joint legal custody of their minor child and that defendant would have sole physical custody of the child. Defendant appealed the court's denial of her motion for attorney fees in relation to the judgment. While that appeal was pending in the Court of Appeals, defendant moved in the trial court for a change of domicile. The court, Lisa Langton, J., denied defendant's motion, reasoning that under MCR 7.208(A), it lacked the authority to modify the custody order while defendant's appeal of the attorney-fee award was pending in the Court of Appeals. The court rejected defendant's reliance on *Lemmen v Lemmen*, 481 Mich 164 (2008)— which held that under MCL 552.17(1) and MCR 7.208(A)(4), a trial court may modify an order or judgment concerning child support or spousal support after a claim of appeal is filed or leave to appeal is granted—reasoning that *Lemmen* was limited to when a party sought to alter child and spousal support awards while an appeal was pending and did not apply to changes in domicile. The court also denied defendant's motion for reconsideration. Defendant applied for leave to appeal in the Court of Appeals, which granted the application. The Court of Appeals, O'BRIEN, P.J., and JANSEN and MURRAY, JJ., reversed in a per curiam opinion, holding that *Lemmen* also applied to judgments concerning the care and custody of children. 321 Mich App 219 (2017). Plaintiff sought leave to appeal in the Supreme Court.

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

A circuit court has jurisdiction to consider a motion to change the domicile of a minor child established by a custody award in a divorce judgment while that underlying judgment is pending on appeal. MCL 722.27(1)(c)—a provision of the Child Custody Act (CCA), MCL 722.21 *et seq*., governing circuit courts' powers to resolve custody disputes—is an exception otherwise provided by law to the rule in MCR 7.208(A) that a trial court may not amend a final judgment after a claim of appeal has been filed or leave to appeal has been granted.

1. MCR 7.208(A) states that a trial court may not set aside or amend a final judgment after a claim of appeal has been filed or leave to appeal has been granted except in certain

situations, including, under MCR 7.208(A)(4), as otherwise provided by law. *Lemmen* held that the Legislature's grant of continuing jurisdiction to modify child and spousal support orders in divorce proceedings in MCL 552.17(1) and MCL 552.28 satisfies the "otherwise provided by law" requirement of MCR 7.208(A)(4). In so holding, *Lemmen* made clear that another law need not grant jurisdiction specifically for judgments pending on appeal to qualify as an exception under MCR 7.208(A)(4). Rather, a statute satisfies MCR 7.208(A)(4) when the Legislature has authorized continuing jurisdiction to amend or modify a final judgment. As *Lemmen* explained, the authorization in MCL 552.17(1) to amend or modify a judgment "as the circumstances of the parents and the benefit of the children require" suggested that the purpose of allowing modification of a final judgment regarding child support was to ensure the welfare of the children when the circumstances of the parents or the needs of the children have changed, and therefore requiring the trial court to wait to make modifications until after an appeal was completed would be contrary to the plain language of the statutes and would defeat their purpose.

2. The Court of Appeals erred to the extent it concluded that a circuit court may derive continuing jurisdiction over a motion for change in domicile only from MCL 552.17(1) rather than directly from MCL 722.27(1), and that portion of the decision was vacated. While *Lemmen*'s reasoning applies to the Legislature's broad grant of authority in the CCA, the circuit court's jurisdiction to modify a final judgment with respect to the child custody dispute may be derived exclusively from MCL 722.27(1) of the CCA, which applies more specifically to this situation than MCL 552.17 and is therefore favored. A motion for change of domicile brought under MCL 722.31(4) falls within the scope of a "child custody dispute" as the term is used in MCL 722.27(1). MCL 722.27(1) reflects the Legislature's intent to protect the interests of children in the face of changing circumstances by authorizing jurisdiction in the circuit court until the child reaches adulthood. MCL 722.27(1)(c) specifically permits the circuit court to modify or amend its orders when proper cause is shown or when there has been a change of circumstances. Its sole limiting principle is that the modification be in the best interests of the child. As in *Lemmen*, it would be contrary to the plain language of the CCA to require a court to wait for the conclusion of an appeal to address a change in circumstances that would affect the interests of the child. Accordingly, MCL 722.27(1) authorizes the continuing jurisdiction of a circuit court to modify or amend its previous judgments or orders and is an exception to MCR 7.208(A) otherwise provided by law.

Affirmed in part and vacated in part; case remanded to the Oakland Circuit Court for further proceedings.

©2018 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

FILED March 27, 2018

S T A T E  O F  M I C H I G A N

SUPREME COURT

ZAID SAFDAR,

Plaintiff-Appellant,

v

No. 156611

DONYA AZIZ,

Defendant-Appellee.

BEFORE THE ENTIRE BENCH

PER CURIAM.

At issue in this case is whether a circuit court has jurisdiction to consider a motion to change the domicile of a minor child established by a custody award in a divorce judgment while that underlying judgment is pending on appeal. To answer that question, we must determine whether MCL 722.27(1)(c)—a provision of the Child Custody Act (CCA), MCL 722.21 *et seq.*, governing circuit courts' powers to resolve custody disputes—falls under an exception to the rule in MCR 7.208(A) that a trial court may not

amend a final judgment after a claim of appeal has been filed or leave to appeal has been

granted.  In lieu of granting leave to appeal, we affirm the result reached by the Court of

Appeals and hold that MCL 722.27(1) is an exception "otherwise provided by law" under

MCR 7.208(A)(4).

MCR 7.208(A) provides:

> Limitations.  After a claim of appeal is filed or leave to appeal is granted, the trial court or tribunal may not set aside or amend the judgment or order appealed from except
>
> (1) by order of the Court of Appeals,
>
> (2) by stipulation of the parties,
>
> (3) after a decision on the merits in an action in which a preliminary injunction was granted, or
>
> (4) as otherwise provided by law.

MCL 722.27(1) states, in relevant part:

> If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:
>
> * * *
>
> (c) . . . modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age and, subject to section 5b of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605b, until the child reaches 19 years and 6 months of age.  The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child.  The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort.

This Court reviews de novo both a trial court's jurisdictional rulings, *Jeffrey v Rapid American Corp*, 448 Mich 178, 184; 529 NW2d 644 (1995), and the proper interpretation and application of statutes and court rules, *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). De novo review means we review this issue independently, without any required deference to the trial court. See *Fletcher v Fletcher*, 447 Mich 871, 882; 526 NW2d 889 (1994) (discussing the nature of de novo review).

We have answered a question closely related to the one presented here. In *Lemmen v Lemmen*, 481 Mich 164, 167; 749 NW2d 255 (2008), we held that the Legislature's grant of continuing jurisdiction to modify child and spousal support orders in divorce proceedings in MCL 552.17(1) and MCL 552.28 satisfies the "otherwise provided by law" requirement of MCR 7.208(A)(4). In so holding, we made clear that another law need not grant jurisdiction specifically for judgments pending on appeal to qualify as an exception under MCR 7.208(A)(4). Rather, a statute satisfies MCR 7.208(A)(4) when the Legislature has authorized continuing jurisdiction to amend or modify a final judgment. In *Lemmen*, we examined the language of MCL 552.17(1) and found that its authorization to amend or modify a judgment "as the circumstances of the parents and the benefit of the children require" suggested "that the purpose of allowing modification of a final judgment regarding child support is to ensure the welfare of the children when the circumstances of the parents or the needs of the children have changed." *Lemmen*, 481 Mich at 167. "[T]o require the trial court to wait to make modifications until after an appeal is completed is contrary to the plain language of the statutes and would defeat their purpose . . . ." *Id*.

3

In this case, the Court of Appeals found *Lemmen*'s reasoning equally applicable to situations involving custody. But the court reasoned that because a motion for change in domicile is brought under MCL 722.31(4) of the CCA, rather than under MCL 552.17, an additional interpretive step was necessary to connect *Lemmen*'s statement about child support modification to the dispute over domicile at issue here. It reasoned that MCL 552.17(1) must be read *in pari materia* with the CCA because both "relate to the same person or thing, or the same class of persons or things." *Safdar v Aziz*, 321 Mich App 219, 226; ___ NW2d ___ (2017) (quotation marks and citations omitted). Thus, it concluded that a circuit court may derive continuing jurisdiction over a motion for change in domicile from MCL 552.17(1) and that such jurisdiction attaches whenever a parent's motion concerns custody. See *id*. at 227.

We mostly agree. *Lemmen*'s reasoning applies to the Legislature's broad grant of authority in the CCA, but the circuit court's jurisdiction to modify a final judgment with respect to the child custody dispute may be derived exclusively from MCL 722.27(1) of the CCA, without resort to MCL 552.17. As between two applicable provisions, we favor the more specific. See *RadLAX Gateway Hotel, LLC v Amalgamated Bank*, 566 US 639, 648; 132 S Ct 2065; 182 L Ed 2d 967 (2012) ("When the conduct at issue falls within the scope of *both* provisions, the specific presumptively governs, whether or not the specific provision also applies to some conduct that falls outside the general."). A motion for change of domicile brought under MCL 722.31(4) falls within the scope of a "child custody dispute" as the term is used in MCL 722.27(1). See *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 511; 835 NW2d 363 (2013) (concluding that "the custody order controls the determination of a minor child's domicile" under both the

4

common law and the CCA). MCL 722.27(1) reflects the Legislature's intent to protect the interests of children in the face of changing circumstances by authorizing jurisdiction in the circuit court until the child reaches adulthood.

MCL 722.27(1)(c) specifically permits the circuit court to modify or amend its orders when proper cause is shown or when there has been a change of circumstances. Its sole limiting principle is that the modification be in the best interests of the child. As in *Lemmen*, it would be contrary to the plain language of the CCA to require a court to wait for the conclusion of an appeal to address a change in circumstances that would affect the interests of the child. Therefore, we hold that MCL 722.27(1) authorizes the continuing jurisdiction of a circuit court to modify or amend its previous judgments or orders and is an exception to MCR 7.208(A) "otherwise provided by law." Accordingly, we vacate the Court of Appeals decision to the extent it derived jurisdiction from MCL 552.17, affirm the result reached, and remand to the Oakland Circuit Court for proceedings consistent with this opinion. We do not retain jurisdiction.

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement