*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL CLARK,

Plaintiff-Appellee,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION,

Defendant-Appellant,

and

MICHAEL ROSEBOROUGH,

Defendant.

UNPUBLISHED
November 10, 2022

No. 359204
Wayne Circuit Court
LC No. 18-000904-NF

Before: MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant Suburban Mobility Authority for Regional Transportation[1] ("SMART") appeals as of right the trial court's order granting judgment of arbitration award to plaintiff Michael Clark. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from a September 21, 2017 automobile accident involving a SMART bus and an unknown white box truck. The bus rear-ended the box truck after the box truck stopped abruptly at an intersection in Detroit. Defendant Michael Roseborough was the driver of the bus and Clark was a passenger. After the accident, Clark complained of back injuries and was taken

---

[1] The trial court granted summary disposition in favor of defendant Michael Roseborough. Plaintiff Michael Clark does not contest this dismissal and Roseborough is not a party to this appeal.

by ambulance to the hospital where he was diagnosed with acute back pain. In the time following the accident, Clark treated with a number of medical providers for his accident-related injuries. Clark executed a number of assignments to these providers, assigning his right to collect personal injury protection (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*.

Clark then filed the complaint in this case alleging, among other things, SMART was liable to him for his PIP benefits. The trial court dismissed the case after the parties agreed to resolve the issues in arbitration. During the arbitration process, SMART raised the issue of Clark's assignments to the medical providers. SMART argued that Clark could not collect for PIP benefits previously assigned to the providers. SMART moved the trial court to strike from arbitration Clark's claim for PIP benefits that he previously assigned to the medical providers, but the trial court denied the motion.

The arbitration panel issued an award in Clark's favor. A portion of the award was "for all past, present and future benefits and on the remaining PIP claims." Clark moved the trial court to enforce the award, which the trial court granted. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo whether a specific issue is subject to arbitration. *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016). "Whether an arbitrator exceeded [their] authority is also reviewed de novo." *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009).

Further, this Court employs a de novo review to "the proper interpretation and application of statutes and court rules." *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018). "This [C]ourt uses the principles of statutory construction when interpreting a Michigan court rule." *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

> The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 506; 778 NW2d 282 (2009) (citation omitted).]

## III. LAW AND ANALYSIS

SMART makes two arguments on appeal. First, it contends the trial court erred in declining to consider issues involving the scope of the parties' arbitration agreement. Second, SMART argues the arbitrators erred in issuing the award because Clark maintained no right to recover for PIP benefits. We disagree.

## A. TRIAL COURT JURISDICTION

In matters involving arbitration, it is the purview of the arbitrator to decide the substantive issues between the parties and a trial court's role is limited. See, e.g., *Cipriano v Cipriano*, 289 Mich App 361, 367; 808 NW2d 230 (2010) ("The purpose of arbitration is to avoid protracted litigation."). However, under MCL 691.1686(2), "[t]he court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate." In other words, "whether a dispute is subject to arbitration is for a court to determine." *Lichon v Morse*, 507 Mich 424, 437; 968 NW2d 461 (2021).

SMART's motion to strike asked the trial court to "enter an order striking and excluding" from arbitration Clark's claim for PIP benefits. The trial court's order denying SMART's motion to strike stated: "The issues raised in the instant motion are clearly subject to the arbitration agreement pursuant to paragraph seven. The arbitration panel may not pick and choose what legal issues it will decide. Further this court entered the dismissal order on 1/14/20." SMART argues on appeal that "the trial court erred in concluding that it did not have jurisdiction to determine the arbitrability of [Clark's] claims for medical expenses which he previously assigned to his medical providers."

SMART conflates the trial court's jurisdiction with its limited review over arbitration matters. The trial court never indicated that it lacked jurisdiction to consider SMART's motion to strike. Instead, the trial court exercised its limited jurisdiction, concluding the issue of Clark's PIP benefits was within the scope of arbitration. Put differently, the trial court did not decline jurisdiction, it simply limited its review. Thus, there is no error because the trial court properly exercised its power to decide preliminary issues when it determined that the issue of Clark's PIP benefits was subject to arbitration. *Lichon*, 507 Mich at 437.

SMART's reliance on this Court's unpublished—and not binding—decision[2] in *Jenkins v Suburban Mobility Authority for Regional Transportation*, unpublished per curiam opinion of the Court of Appeals, issued January 13, 2022 (Docket No. 355452), does not support its arguments. In *Jenkins*, the relevant issue was whether the trial court could decide which issues were within the scope of arbitration. *Id*. at 1. This Court concluded that "the trial court had jurisdiction to decide whether plaintiff's claims in dispute—the 'controversies'—were subject to the arbitration agreement." *Id*. at 4. We reach the same conclusion here. As discussed, the trial court exercised its jurisdiction when it concluded that the issue of Clark's PIP benefits was within the scope of arbitration.

## B. ARBITRATION AWARD

The next issue is whether the arbitration panel exceeded the scope of its authority by issuing an award "for all past, present and future benefits on the remaining PIP claims." According to

---

[2] See MCR 7.215(C)(1) ("An unpublished opinion is not precedentially binding under the rule of stare decisis.").

SMART, Clark was not entitled to an award for PIP benefits because he "unambiguously assigned all of his rights to the medical expenses which he incurred directly to the medical providers."

This Court's review of an arbitration award is extremely limited. *TSP Servs, Inc v Nat'l-Std, LLC*, 329 Mich App 615, 619; 944 NW2d 148 (2019). "A court may not review an arbitrator's factual findings or decision on the merits." *Id*. at 620 (quotation marks and citation omitted). This Court may only reverse an arbitrator's decision where it is clear the arbitrator made an error of law. *Id*.

Under MCL 691.1703(1)(d): "[T]he court shall vacate an award made in the arbitration proceeding if . . . [a]n arbitrator exceeded the arbitrator's powers." "Arbitrators exceed their power when they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554; 682 NW2d 542 (2004) (quotation marks and citation omitted).

> [W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside. [*Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 439; 331 NW2d 418 (1982) (citation omitted).]

"Any such error must be readily apparent on the face of the award without second-guessing the arbitrator's thought processes, and the arbitrator's findings of fact are immune from review altogether." *Eppel v Eppel*, 322 Mich App 562, 572; 912 NW2d 584 (2018).

SMART argues that the arbitrator erred by awarding Clark PIP benefits. SMART notes that Clark executed a number of assignments to various medical providers and that, by doing so, Clark divested himself of any claim for these expenses. SMART is correct that the record contains a number of apparently valid assignments to Clark's medical providers. What is not certain, however, is whether the portion of the arbitration award relating to Clark's PIP benefits represents monies that were owed under the assignments. Importantly, it is unclear from the record whether Clark assigned *all* of his PIP benefits. Thus, the alleged error is not readily apparent on the face of the award. To determine whether the award pertained to Clark's assigned PIP benefits would require this Court to consider the arbitrators' factual considerations—which this Court cannot do. *Eppel*, 322 Mich App at 572. Thus, the award for PIP benefits is not a basis for reversal of the trial court's order.

Further, we need not consider SMART's argument regarding Clark's purported revocations. After the parties entered into the arbitration agreement, Clark's medical providers executed a number of revocations, which purportedly rescinded the providers' rights to recover for

Clark's PIP benefits. Again, to determine whether the revocations properly rescinded the providers' rights under the assignments would require this Court to impermissibly invade the province of the arbitration panel, which we cannot do.

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron