*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA R. WALLER,

      Plaintiff-Appellant,

v

BLUE CROSS BLUE SHIELD OF MICHIGAN,

      Defendant-Appellee.

UNPUBLISHED
March 23, 2023

No. 360392
Wayne Circuit Court
LC No. 17-005454-CZ

Before: PATEL, P.J., and SWARTZLE and HOOD, JJ.

PER CURIAM.

Plaintiff originally filed a complaint against defendant, her former employer, under the Whistleblowers' Protection Act (WPA), MCL 15.361(a), and the parties stipulated to dismiss plaintiff's complaint so that they may instead submit to binding arbitration as required by plaintiff's employment contract. An arbitrator awarded damages to plaintiff, and plaintiff moved in the trial court to vacate or modify the arbitrator's award. The trial court denied the motion as untimely. We affirm.

The facts relevant to this appeal are brief. Plaintiff's original complaint was dismissed, closing the case, and plaintiff initiated the arbitration process on February 5, 2018. The arbitrator concluded that defendant violated the WPA and subsequently awarded plaintiff economic and noneconomic damages on February 25, 2021. This opinion was titled "Interim Opinion and Award Regarding Damages," and it stated that "[a]ny request for attorneys' fees and costs [would] be determined by separate order." Accordingly, plaintiff submitted petitions to the arbitrator for attorney fees and costs, which the arbitrator granted in its April 19, 2021 order titled "Opinion and Final Award Regarding Attorney Fees and Costs."

On July 19, 2021, without opening a new case or reopening her old case, plaintiff moved to modify or vacate the economic damages portion of the February 25, 2021 order. The trial court denied plaintiff's motion because it held that she was untimely under both the Uniform Arbitration Act (UAA), MCL 691.1681 et seq, and the court rules regarding arbitration, MCR 3.602, since she waited nearly 144 days to file the motion to vacate or modify the award from the day that the economic damages were awarded.

Plaintiff now appeals.

"This Court reviews de novo a trial court's ruling on a motion to vacate or modify an arbitration award." *Radwan v Ameriprise Ins Co*, 327 Mich App 159, 164; 933 NW2d 385 (2018) (cleaned up). Similarly, this Court reviews de novo the application of statutes and court rules. *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018).

The trial court ruled that plaintiff was untimely under both the court rules and UAA. There is a distinction between the two, however, because they provide slightly different procedures for a party to modify or vacate an award. As this Court has explained, however, "the Uniform Arbitration Act, not the court rule, applies in this case" because MCL 691.1683(1) states that the UAA governs all agreements to arbitrate made after July 1, 2013, and MCR 3.602(A) confines the court rules "to all other forms of arbitration" that are not governed by the UAA. *Radwan*, 327 Mich App at 164-165 (cleaned up). Plaintiff initiated the arbitration process after July 1, 2013, and, thus, the UAA is controlling.

In this case, the trial court noted that there was no pending action between the parties at the time that plaintiff filed the motion to vacate or modify the arbitrator's award. Consequently, this is fatal to plaintiff's appeal. The UAA requires that, when a party requests judicial relief, "[u]nless a civil action is already pending between the parties, a complaint regarding the agreement to arbitrate must be filed and served as in other civil actions." MCL 691.1685(2). Without a pending action before the trial court, it did not have the authority to hear plaintiff's motion to modify or vacate the award.

Nevertheless, plaintiff's argument on appeal also fails because the trial court did not err when it dismissed plaintiff's motion as untimely. MCL 691.1703 governs a party's ability to vacate an arbitration award, and it states in relevant part:

> (1) On motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if any of the following apply:
>
> * * *
>
> (2) A motion under this section must be filed within 90 days after the moving party receives notice of the award under section 19 or within 90 days after the moving party receives notice of a modified or corrected award under section 20, unless the moving party alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion must be made within 90 days after the ground is known or by the exercise of reasonable care would have been known by the moving party.

Similarly, MCL 691.1704 governs a party's ability to modify an arbitration award, and it states in relevant part:

> (1) On motion made within 90 days after the moving party receives notice of the award under section 19 or within 90 days after the moving party receives notice of a modified or corrected award under section 20, the court shall modify or correct the award if any of the following apply:

(a) There was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award.

(b) The arbitrator has made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision on the claims submitted.

(c) The award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

Plaintiff does not contend that she failed to receive notice of the economic damages award on or about February 25, 2021. Instead, plaintiff argues that the economic damages award was not final, and not yet able to be challenged in the trial court, until the arbitrator issued the order concerning attorney fees and costs on April 19, 2021. Plaintiff supports her argument by stating that the order governing the award of damages was titled an "interim opinion," and that MCL 691.1700 allows a party to an arbitration proceeding to modify or correct an award if "the arbitrator has not made a final and definite award on a claim submitted by the parties." Thus, according to plaintiff, she could not challenge an interim award because it could still be reconsidered by the arbitrator until the arbitration was closed.

Plaintiff ignores, however, the plain language of both MCL 691.1703 and 691.1704. Neither statute requires that the award that is challenged be a final and definite award. Further, the UAA does not contemplate that the arbitration must be closed before a party may move to vacate or modify an award from that arbitration, and MCL 691.1703(1) instructs that a trial court may vacate "an award" from an arbitration proceeding without requiring that the award be a final and definite award. Plaintiff's contention that a party may only challenge a final and definite award to the trial court is without support.

Moreover, even though plaintiff argues that her claim to the arbitrator included attorney fees in her damages and that MCL 691.1703(2) would be satisfied since the attorney fees would have allegedly modified the economic damages on April 19, 2021, the operative language of the damages award states that "[a]ny request for attorney's fees and costs will be determined by a *separate* order." (Emphasis added). The "Final Award Regarding Attorney Fees and Costs" did not contemplate any of the economic or noneconomic damages that were already awarded. Instead, the arbitrator focused solely on the factors to determine appropriate attorney fees and costs. Simply put, the award regarding attorney fees and costs did not modify, or even contemplate, the economic and noneconomic damages that were already awarded.

Plaintiff's motion to the trial court was filed more than 140 days after the arbitrator awarded her economic damages, and she filed that motion without a pending claim before the trial court. The trial court was without authority to rule on plaintiff's motion since there was no pending claim, and even if there had been a pending claim, plaintiff was well past the 90-day time limit to file the

-3-

motion to modify or vacate the award.

Affirmed. Defendant as the prevailing party may tax costs. MCR 7.219.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Noah P. Hood