*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAUNICE KELLAR,

       Plaintiff-Appellee,

v

RODERIC HORTON,

       Defendant-Appellant.

UNPUBLISHED
June 27, 2024

No. 364786
Oakland Circuit Court
LC No. 2021-510594-DC

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

The trial court entered a default judgment and denied defendant's motion to set aside the default and to modify child support. Because the child-support order has already been modified, we dismiss this appeal as moot.

Defendant and plaintiff are the parents of GH.[1] Plaintiff originally filed a complaint for custody, parenting time, and child support in December 2021. Plaintiff requested documentation from defendant related to proof of his income. Defendant did not produce the requested documents before his deposition and then failed to appear at his deposition. Throughout the proceedings, plaintiff filed various motions in attempts to obtain information on defendant's income.

In May 2022, plaintiff moved for interim child support. Plaintiff alleged that defendant continued to fail to produce documentation of his income and that defendant had an annual income of approximately $500,000 through his residential care and trucking businesses. On the basis of documents that plaintiff acquired from the Bureau of Labor and Statistics, however, plaintiff requested that the court impute defendant's income to be $96,570. At a hearing on the motion, plaintiff asserted she had obtained documentation showing that defendant had an income of $400,000 from his residential care facility and an income of $155,000 from his trucking company.

---

[1] The parties are also the parents of EH, but defendant has not contested any orders related to EH.

The trial court warned defendant that if he continued to fail to produce the requested documentation, the trial court could impute defendant's income to be $500,000.

When defendant still did not provide the documentation, plaintiff moved to show cause defendant. Later, plaintiff moved for entry of a default judgment. At a hearing on the motion, the trial court stated that defendant's noncompliance was "utterly ridiculous." The trial court granted the motion for default and determined it would impute defendant's annual income to be $500,000. The accompanying uniform child support order (UCSO) provided that defendant would pay $3,401 in monthly support payments.

Defendant subsequently moved to set aside the default judgment and for modification of the child-support order. At the motion hearing, the trial court stated that defendant had failed to follow multiple court orders. Defendant admitted he had failed to pay plaintiff child support throughout the proceedings. The trial court denied defendant's motion in October 2022.

In January 2023, defendant filed a post-judgment motion for a reduction of his child-support obligation. Shortly after, in February 2023, defendant filed his delayed application for leave to appeal the trial court's October 2022 order.

The hearing on defendant's post-judgment motion took place in April 2023, before this Court granted leave to appeal or defendant filed his brief on appeal. At that hearing, defendant stated that his residential-care business was not operating and that his income was significantly less than it had previously been. The trial court determined that defendant's income was $78,000 and reduced defendant's monthly obligation to $653 in a UCSO entered on May 19, 2023. This Court subsequently granted defendant's application for leave to appeal in July 2023. *Kellar v Horton*, unpublished per curiam order of the Court of Appeals, issued July 14, 2023 (Docket No. 364786).

Defendant argues on appeal that the trial court abused its discretion when it denied his motions to set aside and to modify child support. Because defendant's support obligation has since been modified, and defendant has not challenged that modification, the issues defendant raises on appeal are moot. "[A]n issue becomes moot when an event occurs that renders it impossible for the reviewing court to grant relief." *C D Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 406; 834 NW2d 878 (2013).

Defendant does not address the support modification in his brief on appeal, nor did defendant file a reply to plaintiff's brief, in which plaintiff argued that the issues raised on appeal were moot as a result of the support modification. Defendant requests that this Court remand the case for a recalculation of child support, but that has already occurred.

Further, MCR 7.208(A) provides that a trial court may not set aside or amend a judgment *after* this Court grants leave to appeal. The trial court amended the child-support order *before* this Court granted leave to appeal. Additionally, the Michigan Supreme Court has held that "MCL 552.17(1) and MCL 552.28 authorize a trial court to modify judgments concerning child or spousal support after entry of the judgment." *Lemmen v Lemmen*, 481 Mich 164, 166; 749 NW2d 255 (2008). When there is a change of circumstance that affects "the ability of one of the parties to pay, the trial court should not, and does not, have to wait" for an appeal to be completed before

modifying a support order. *Id*. at 167. Therefore, the trial court had jurisdiction to modify the child-support order and did so following an evidentiary hearing. Accordingly, this Court declines to consider the issues defendant raises on appeal. See *Ryan v Ryan*, 260 Mich App 315, 330; 677 NW2d 899 (2004).

Appeal dismissed as moot.

/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani