*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HEIDI ANNE HANSEN,

　　　　　Plaintiff-Appellant,

v

STEPHEN MICHAEL SCHALOW,

　　　　　Defendant-Appellee.

UNPUBLISHED
August 15, 2025
2:03 PM

No. 373987
Dickinson Circuit Court
LC No. 2021-020632-DM

Before: REDFORD, P.J., and RIORDAN and BAZZI, JJ.

PER CURIAM.

Plaintiff Heidi Anne Hansen appeals as of right the trial court's December 2024 written opinion and order denying her motion to change the domicile of the minor children. On appeal, plaintiff argues that the trial court erred by finding that she failed to prove, by clear and convincing evidence, that a change in domicile was in the children's best interests. In light of the procedural posture of this case, we remand to the trial court for further proceedings while retaining jurisdiction.

This case arises out of the divorce between plaintiff and defendant, Stephen Michael Schalow. The parties had three children during their marriage but were divorced in August 2022. The trial court granted the parties joint legal and physical custody of the minor children. At that time, both parties lived in Dickinson County, Michigan.

In October 2023, plaintiff obtained a personal protection order (PPO) against defendant because, among other reasons, defendant acted belligerently toward her at a wedding, then arrived drunk at her house in the middle of the night and would not leave until he was removed by the police. In March 2024, plaintiff moved for a change of domicile because she wished to move to Baraboo, Wisconsin to be with a new romantic partner. Plaintiff moved to Baraboo in September 2024 and dropped the PPO against defendant around that time.

Following an October 2024 hearing on the motion to change domicile, the trial court found in a November 2024 written opinion and order that plaintiff met her initial burden of proof under MCL 722.31(4) to change the children's residence, that the children had an established custodial environment in Dickinson County, and that the proposed change of domicile would alter the

children's established custodial environment.[1]  When addressing these issues, the trial court made certain observations tending to support plaintiff's position, such as the following:

> Plaintiff's Exhibit #5 depicts the children's condition when they were returned to their mother at a parenting exchange.  While this may not be how they typically look at the exchanges, Mr. Schalow seemed to think that it was typical for children that had been out playing prior to the exchange.  However, it appears the children's hygiene had been neglected for more than just a few hours while they were out playing.  The stickers and residual glue on their skin, residual tattoos, dirt imbedded in their nails, and the absolutely filthy hands that could have been washed before transportation for an exchange are either an indication of Mr. Schalow's lack of appropriate hygiene or a desire to annoy Ms. Hansen by turning the children over at the exchange time in a deplorable condition.  It has to be a consideration when a court is determining whether or not the proposed change has the capacity to improve their quality of life.

* * *

> Mr. Schalow has certainly engaged in some bizarre and controlling behavior in the past.  He has also displayed his anger and intimidating behaviors even within the court room.  Ms. Hansen has further testified about domestic violence that did occur within the relationship.  The court has considered the previous evidence and indicates that this is not a factor that weighs heavily in the court's decision at this time.

However, in a subsequent written opinion and order from which plaintiff appeals, the trial court found that plaintiff failed to show, by clear and convincing evidence, that a change of

---

[1] A trial court deciding a motion for a change of domicile follows a four-step approach.  *Rains v Rains*, 301 Mich App 313, 325; 836 NW2d 709 (2013).

> First, a trial court must determine whether the moving party has established by a preponderance of the evidence that the factors enumerated in MCL 722.31(4), the so-called *D'Onofrio* factors [*D'Onofrio v D'Onofrio*, 144 NJ Super 200, 206-207; 365 A2d 27 (1976)], support a motion for a change of domicile.  Second, if the factors support a change in domicile, then the trial court must then determine whether an established custodial environment exists.  Third, if an established custodial environment exists, the trial court must then determine whether the change of domicile would modify or alter that established custodial environment.  Finally, if, and only if, the trial court finds that a change of domicile would modify or alter the child's established custodial environment must the trial court determine whether the change in domicile would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence.  [*Id*.]

domicile would be in the children's best interests. Nonetheless, the trial court again made multiple statements implying support of plaintiff's ultimate position, some of which are as follows:

> Prior to her relocation, it appears that Ms. Hansen did spend more time with the minor children because of Mr. Schalow's demanding schedule. Given Mr. Schalow's actions described in the November 11, 2024, finding of fact, and given his conduct towards Ms. Hansen with regard to the children, it is difficult to determine whether he is truly able to separate the children's needs from his own and prioritize the children. . . .

> * * *

> This court is hesitant to say that either parent's moral fitness is lacking. Although Mr. Schalow has put some character flaws on display with regard to his anger, namely his obsession with Ms. Hansen, and his inability to deal appropriately with the situation involving [her new partner], it does not make him morally unfit.

> * * *

> Mr. Schalow is advised that this court's patience with his hostile and manipulate behavior is wearing thin. Continued failure to **genuinely** facilitate the relationship between Ms. Hansen and the children could result in a different outcome going forward depending on other factors. [Emphasis in original.]

This appeal followed. On appeal, plaintiff argues that the trial court erred by finding that she failed to establish, by clear and convincing evidence, that a change of domicile would be in the children's best interests. Specifically, plaintiff argues that the trial court made erroneous findings of fact regarding best-interests factors MCL 722.23(a), (c), (f), (h), and (j). Plaintiff also argues that the trial court's overall decision to deny her motion was erroneous as well, notwithstanding its specific findings of fact.

Ordinarily, we would decide the merits of plaintiff's appeal at this time by addressing whether the trial court erred in its December 2024 written opinion and order denying her motion to change the domicile of the children. However, according to the lower-court record before us, on April 25, 2025, plaintiff filed another motion to change the domicile of the children. Some of the allegations therein are similar to the ones raised in her earlier motion, while other allegations are new. Further, according to the publicly available register of actions for this case, it appears that the trial court has not yet decided the motion notwithstanding that it would have jurisdiction to do so. See *Safdar v Aziz*, 501 Mich 213, 215; 912 NW2d 511 (2018) (holding that "a circuit court has jurisdiction to consider a motion to change the domicile of a minor child established by a custody award in a divorce judgment while that underlying judgment is pending on appeal"). Therefore, in lieu of deciding the merits of this appeal at the present time, we remand this case to the trial court to decide plaintiff's April 2025 motion to change the domicile of the children. The losing party may then seek our review of that decision, if it so chooses.

Remanded to the trial court for further proceedings.  We retain jurisdiction.[2]

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Mariam S. Bazzi

---

[2] We note that the trial court has repeatedly identified and criticized defendant's "hostile and manipulative behavior."  In the event that the trial court denies plaintiff's April 2025 motion to change domicile, to aid our review, the trial court should carefully explain why defendant's behavior in this regard, coupled with his history of domestic violence and alcohol abuse, does not warrant a change in domicile.

# Court of Appeals, State of Michigan

## ORDER

HEIDI ANNE HANSEN V STEPHEN MICHAEL SCHALOW

Docket No.    373987

LC No.        2021-020632-DM

James Robert Redford
Presiding Judge

Michael J. Riordan

Mariam Saad Bazzi
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court should consider and decide appellant's April 25, 2025 motion to change domicile with sufficient findings for our review.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Presiding Judge



A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

August 15, 2025
Date

Chief Clerk